## Alexander Levi *vs.* Thomas M'Craney.

### *Error to Dubuque.*

Where suit is brought by the endorsee and legal holder of a promissory note against the maker, and a verdict is rendered for the defendant on the merits, this will be a bar to a subsequent suit by the payee.

Strict niceity of pleading is not required in justices courts. No regular plea is necessary.

In such cases where it appears that issue was made up in the District Court, without setting forth what the precise issue was, it will be presumed here that the issue was such as to try the real merits of the case.

The suit was originally brought before a justice of the peace, on a promissory note given by McCraney to Levi, and by him endorsed to Martin. There was no evidence that any plea at all was filed before the justice, but the parties appeared and went to trial, and judgment was rendered for the plaintiff. The cause was then brought into the

District Court by appeal, and issue was there made up, but it does not appear what that issue was.

On the trial in the District Court, the defendant offered in evidence the record of a previous trial on the same note, at the suit of Martin against the said defendant, in which a verdict had been rendered " for the defendant"—" that a judgment was rendered up on the finding of the jury by the said justice in favor of the defendant; and to prove by said transcript, as also by the testimony of the said justice, the identy of the note, which testimony was objected to, because the said transcript did not show a judgment between the same parties, but between the said defendant and a different plaintiff, which objection was overruled, and the defendant thereupon proceeded to show by the transcript of the magistrate that there was a former judgment in a suit upon said note in a case in which T. O. Martin was plaintiff, and said McCraney defendant, and also to prove by P. S. Dade, the magistrate before whom both causes were tried, that the note was the same. "

It appears also from the bill of exceptions that instructions were given to the jury similar in effect to the views expressed during the trial as above set forth, to all which exceptions were taken, and a writ of error taken to reverse the judgment.

BERRY, for plaintiff in error.

CRAWFORD, for defendant in error.

BY THE COURT, MASON, CHIEF JUSTICE.—This action was brought on a promissory note given by defendant to plaintiff. On the trial below, the defendant offered to prove that a former suit had been instituted on the same note, by one T. O. Martin, in which there had been a verdict for the defendant. This evidence was admitted by the court, which is the basis of all the errors assigned in the case.

On the trial in this court, a written agreement was filed by counsel, by which it was mutually admitted that Martin at the time he instituted the first suit above mentioned, was the assignee and legal owner of the note. In that case the finding of the jury on the merits, would have been a bar to a second suit on the same note. If such were not the case, there is hardly any limit to the extent to which a defendant might be unjustly harrassed. A verdict for the defendant on the merits is of the same effect in this respect, as a judgment for the plaintiff after it has been paid off and satisfied.

It is contended, however, by the plaintiff in error, that this trial at

the suit of Martin was not a trial on the merits, but that a mere judgment of non-suit was rendered. We understand the transcript differently. It states that the whole matter was submitted to the jury, who found a verdict *for the defendant.* This will be presumed to have been upon the merits, where nothing appears to the contrary.

Again, it is said, that there is no evidence that the plea of a former recovery was put in before the justice, in the second suit. We do not think this was necessary. To require strict nicety of pleading in those courts, would be incompatible with the objects for which they were organized. The statute does not require a written declaration. Even a verbal statement is not requisite, unless called for by the justice.— Why then should a plea be necessary? Without observing all the formalities required in courts of record, the parties appear before the justice of the peace, the plaintiff proves his cause of action, and the defendant sets up and proves any legal defence which he may have thereto.

But the transcript of the proceedings in the District Court, shows, that issue was there made up. What that issue was, does not appear. Under such circumstances, and inasmuch also as no objection seems to have been there taken to the introduction of the proof of a former recovery, on account of the same not having been pleaded, it will be fair to presume that such an issue was made up as would try the true merits of the case.

We also think the instructions to the jury were correct, for reasons already given above. The judgment below will therefore be affirmed.