Zimmerman *v.* Zimmerman.

---

JACOB ZIMMERMAN, Plaintiff in Error, *v.* PETER ZIMMERMAN, Defendant in Error.

ERROR TO JACKSON CIRCUIT COURT.

It is not competent to show by parol proof, that a justice of the peace intended to enter a different judgment than the one which he recorded in his docket.

Parol evidence is admissible to show what was adjudicated upon, but not what the adjudication was.

A judgment entered by a justice of the peace showed that the parties appeared before the justice and went to trial, and, after hearing the testimony, he rendered judgment against the plaintiff for cost; this was held to be a judgment in bar, and that it constituted a good defence to a subsequent suit brought upon the same cause of action.

THIS action was originally brought before a justice of the peace of Jackson county upon a note of hand, who rendered judgment in favor of the plaintiff for twenty dollars and thirty-

Zimmerman *v.* Zimmerman.

nine cents, from which the plaintiff took an appeal to the circuit court. At the May term, 1851, of the circuit court, the cause was tried before W. A. DENNING, circuit judge, without a jury, who rendered a judgment in favor of the plaintiff below for forty dollars and ninety cents and costs, to reverse which this writ of error is brought.

The bill of exceptions shows that upon the trial the plaintiff offered in evidence a note for fifty dollars payable in property to John H. Rumley, and executed by the defendant below, dated the 7th of February, 1846, and rested. Rumley assigned the note to Peter Zimmerman, and he to Thomas Croft.

The defendant then offered in evidence the transcript of a judgment from the docket of Napoleon Collins, a justice of the peace, in which Thomas Croft, assignee of John H. Rumley, was plaintiff, and Jacob Zimmerman was defendant. After the introductory part that judgment states, " At the time set for trial, the parties met and proceeded to trial. After hearing the testimony, judgment is therefore rendered against the plaintiff for costs of suit." The plaintiff then introduced the justice, Collins, for the purpose of explaining what kind of a judgment he intended to render in that cause, who testified, that at the time there was nothing said about a nonsuit; that he considered that Peter Zimmerman had broken his contract with Jacob about the matter, and that he had no right to claim the money of Jacob. He thought he should take the property, and his judgment was entered only to effect that object; he did not consider the note paid. Upon these grounds he rendered judgment, that the plaintiff should pay the costs; that the parties went into a full investigation on both sides, and the plaintiff did not ask to submit to a nonsuit; that the note then before the court was the same note mentioned in the transcript.

C. G. SIMONS, for the plaintiff in error.

J. DOUGHERTY, for the defendant in error.

CATON, J. It was not competent to show by parol evidence that the justice of the peace intended to enter a different judgment from the one which he recorded in his docket. It is as important that the records of justices' judgments should remain immutable and constitute the sure evidence of their adjudications, as of the higher courts. Upon the faith and stability of those records rights are acquired, and transactions based, as well as of other courts, and they should be relied upon as confidently. If a justice of the peace may record one judgment

in his docket, and then years after come up and overturn it by testifying to another which he had kept in his memory, no sort of confidence can hereafter be placed in the records of justices' courts. The rights of parties there adjudicated would not depend upon the written evidence of the judgments there found, but would depend upon the memory of the officer making the record. While the most trifling written contract cannot be varied by parol evidence, it would be strange indeed if the solemn judgment of a court of justice could be explained and frittered away by the oral testimony of a witness. It would be better to have no record at all, than that it should be rendered thus uncertain and illusory. Parol evidence is frequently admissible to show what was adjudicated upon, but not what the adjudication was. This rule is equally applicable to the records of justices' courts as to the records of other tribunals. In this case the testimony of Mr. Collins, showing that the suit before him was upon the same note which was offered in evidence in support of this action, was properly admitted; but it was improper for him to state what kind of a judgment he intended to enter, or what effect he intended should be given to that judgment.

The judgment which was entered by the justice was clearly a judgment in bar. It states that the parties appeared before the justice and proceeded to trial; and after hearing the testimony, judgment is rendered against the plaintiff for costs of suit. This is absolute and without qualification, and if it were not held to be a judgment in bar, it might be difficult to find such a judgment where the plaintiff is defeated. Nothing is said about a nonsuit or discontinuance in any part of the record. We think that the former judgment constituted a good bar to the action upon the same note, and that the defendant was entitled to a judgment.

The judgment of the circuit court must be reversed, and the cause remanded.

*Judgment reversed.*