# HENRY B. DRAKE

## *v.*

# THOMAS B. PERRY.

ASSIGNEE—*res adjudicata.* A promissory note was endorsed in blank, before maturity. The holder placed it in the hands of a justice of the peace for collection, and suit was brought against the maker in the name of the payee for the use of the holder. The maker pleaded fraud and circumvention in obtaining the note, and want of consideration, and judgment was given in his favor, from which no appeal was taken. Subsequently the holder withdrew the note from the justice, filled up the blank endorsement, and then sued in his own name, as assignee: *Held,* the judgment in the first action was a bar to the second suit.

WRIT OF ERROR to the Circuit Court of Logan county ; the Hon. JOHN M. SCOTT, Judge, presiding.

Mr. WILLIAM B. JONES, for the plaintiff in error.

Mr. J. T. HOBLIT, for the defendant in error.

Per CURIAM :   Drake gave his note to Kellogg and Squares for $50, due some time after date, which, before maturity, some one representing himself to be their agent, assigned, without recourse, to Perry.   When the note matured Perry sent it to Justice Alsop for collection, who instituted a suit thereon in the name of the payee, for the use of Perry.   Perry did not attend the trial, but Drake did, and pleaded *ore tenus*, fraud and circumvention in obtaining the note, and want of consideration. The justice gave judgment for Drake.

Some time after the rendition of the judgment, Perry withdrew the note from the justice, and wrote over the words "Kellogg and Squares," a formal assignment to himself, and then put the note in the hands of Justice Benner, for collection.   In this trial judgment was rendered against Drake, for the amount of the note.   It does not appear that Drake made an appearance to this suit.   He took an appeal from this judgment to the circuit court, and there pleaded the trial and judgment before Alsop, in bar of this second suit, and the only question is, could that judgment be pleaded in bar ?

It is agreed that judgment stands in full force, unreversed and not appealed.

It may have been error in Alsop to sue the note in the names of the payees, but the objection could only be taken advantage of by the defendant.   He chose not to do so, but put his defense on the merits.   Perry, when informed of the result of the suit, should have taken an appeal, and thus contested the matter.   Not having done so, we must hold, on the authority of *Smith* v. *Moore*, 3 Scam. 462, that this judgment was a bar to the second suit.

The circuit court having entertained different views, the judgment of that court is reversed, and the cause remanded.

*Judgment reversed.*

Mr. JUSTICE SCOTT took no part in this decision.