JOHN H. LESLIE

*v.*

CHARLES E. BONTE *et al.*

*Filed at Springfield October 31, 1889.*

FORMER RECOVERY—*judgment in favor of defendant, on the merits—in suit by an assignee.* A judgment in favor of the maker of a note, on the merits, in an action by an assignee, is a bar to a subsequent action brought by the payee against the maker. The payee having, by his indorsement, authorized his assignee to sue upon the note, is bound by the judgment against the assignee, upon the merits.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. GWYNN GARNETT, Judge, presiding.

This was an action of assumpsit, brought by George and John H. Leslie, in the Superior Court of Cook county, on the following promissory note:

"$3000.　　　　　　　　CINCINNATI, OHIO, *August 29, 1883.*

"Six months after date, we jointly or severally promise to pay to Geo. and Jno. H. Leslie, or order, three thousand $\frac{00}{100}$ dollars—value received. Payable at Third National Bank of Cincinnati, Ohio.　　　　　　　CHARLES E. BONTE,

　　　　　　　　　　　　　J. WELLER,

　　　　　　　　　　　　　GEORGE H. BONTE."

Indorsed on back: "Please pay to William Grant, or order. Geo. and Jno. H. Leslie."

The note was given for shares of stock in a mining company known as the "Santos Manufacturing and Mining Company." The note was indorsed and transferred, in Chicago, to William Grant, and delivered to him. After Grant had procured the note, he brought suit upon it in Hamilton county, Ohio, where the makers resided. All of the makers were defendants in that suit, and on February 25, 1885, filed an amended answer therein, in which they denied that Grant had received the note before maturity, and set up as a defense, want of consideration, alleging, among other things, that the stock of the Santos Manufacturing and Mining Company which they received from the payees of the note, was fraudulently represented by them to be of value, when in fact it was worthless. To this answer Grant filed a reply, traversing the averments of the answer, and upon the issues thus made up, a trial was had before a jury, upon the merits of the case, resulting in a verdict and judgment in favor of the defendants to the action. October 16, 1886, a year and a half after the rendition of the judgment in Hamilton county, Ohio, George and John H. Leslie

brought this action upon the same note, the indorsement which they had originally made on the note, to William Grant, having been erased.

To the declaration, the defendants filed, with others, a special plea, setting up the judgment rendered in Ohio in bar of the action, and to this plea plaintiffs replied *nul tiel record*. The case was submitted to the court without a jury, by agreement, and upon the issue presented by the plea setting up the Ohio judgment, after the evidence was all in, the court held the following: "And the court finding that the note was made and assigned in the State of Illinois, and that at the time the note became due, and ever since hitherto, the makers thereof were residents of the State of Ohio, and not of the State of Illinois, held, as a legal conclusion, that a judgment in favor of the defendants, upon the merits, in the suit brought in the State of Ohio, against them, by the assignee, was no bar to the action by the payees, and therefore the plaintiff was entitled to recover."    On appeal to the Appellate Court the judgment of the Superior Court was reversed.

Messrs. TENNEY, DRIGGS & HAWLEY, for the appellant:

As no propositions of law were submitted to the trial judge to preserve his rulings on the questions of law involved, this court must presume that he found the law correctly. *Association* v. *Hall*, 118 Ill. 169.

The payee of the note being no party to the suit in Ohio by the assignee, is not concluded by the judgment therein. Freeman on Judgments, sec. 259; Bigelow on Estoppel, 69, 70; *Steinbach* v. *Insurance Co.* 77 N. Y. 498; *Drennan* v. *Bunn,* 124 Ill. 175.

The note not being a payment of the original debt, the creditor may sue upon either the note or the original consideration.    2 Daniell on Neg. Inst. sec. 1272; *Stone Co.* v. *Iron Works*, 124 Ill. 623; *Archibald* v. *Argall,* 53 id. 307; *Eastman* v. *Porter,* 14 Wis. 39.

Mr. FRANCIS A. RIDDLE, and Mr. JOHN S. STEVENS, for the appellees:

The trial court having found that the judgment in Ohio was in favor of appellees, upon the merits in the suit brought there by the assignee of the note here sued on, was bound, in law, to hold such judgment a complete bar to the plaintiff's action. *Parks* v. *Brown*, 16 Ill. 454; *Zimmerman* v. *Zimmerman*, 15 id. 84; *Drake* v. *Perry*, 58 id. 122; *Levy* v. *McCrancy*, 1 Morris, (Iowa,) 124; 1 Herman on Estoppel, sec. 144.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

There is but one question presented by this record, and that is, whether the judgment rendered in Hamilton county, Ohio, is a bar to this action.   The Appellate Court held that it was. If Grant had recovered judgment on the note in the action in Ohio, the note would have been merged in the judgment, and no other action could be maintained against the defendants, on the note.   This principle was clearly established in *Wayman* v. *Cochrane*, 35 Ill. 152, where it is said: "The general rule is, that by a judgment at law or a decree in chancery, the contract or instrument upon which the proceeding is based becomes entirely merged in the judgment."   In Freeman on Judgments, (sec. 216,) in discussing this question, the author says:   "The weight of authority in the United States shows that whatever may be a cause of action, will, if recovered upon, merge into the judgment or decree."   No judgment was rendered upon the note, against the makers, but the validity of the note was in issue, and the makers had judgment against the owner of the note, upon the merits.   The judgment thus rendered, on principle ought to be treated as a satisfaction of the note, and a complete bar to any subsequent action brought upon it by any person in whose hands it might be found.

*Zimmerman* v. *Zimmerman*, 15 Ill. 84, is an authority in point.   There, Jacob Zimmerman executed his note, payable

to Rumley. He assigned it to Peter Zimmerman, and Peter assigned the note to Thomas Croft. Thomas Croft brought suit before a justice of the peace, on the note, and on a trial, judgment was rendered against him for costs. Subsequently Peter Zimmerman brought suit on the note, before a justice, and this court held that the first action brought on the note was a bar to any other action which might be brought on the note against the maker. If the action brought by the second indorsee, on the note, was a bar to a recovery on the instrument in a second action by the first indorsee, upon the same principle, had the payee of the note brought the action, he would have been barred. In *Drake* v. *Perry*, 58 Ill. 122, a judgment in favor of the maker, in an action on a note in the name of the payee for the use of the holder, was held to be a bar to a second action on the same note, in the name of the assignee. In Iowa, the Supreme Court of that State, in *Levi* v. *McCraney*, 1 Morris, 91, held that a judgment in favor of the maker of a note, on the merits, in an action by the assignee, was a bar to a subsequent action brought by the payee. The same doctrine has been held by the Court of Appeals of Kentucky in the late case of *Seward* v. *Coppage*, 9 S. W. Rep. 389.

No reason occurs to us why the Leslies should not be bound and concluded by the judgment. They indorsed the note, and delivered it, indorsed, to Grant, thus placing the absolute title and ownership in him. By this act they clothed him with authority to sue, in his own name, the makers, on the note. He brought an action on the note, and upon a trial, on the merits, he was defeated. After judgment was rendered, Grant returned the note to the Leslies. Under what arrangement he obtained possession of the note, and returned it, is not shown by the evidence, nor is it material. They can only be regarded as purchasers from Grant. He had the title when the trial occurred in Ohio, and when the judgment was rendered against him. This title he transferred to the Leslies. They, after purchasing the note from him, stood in his shoes. If he could

not maintain a second suit on the note, neither could they. They acquired Grant's title to the note, subject to all defenses the makers might interpose against him. Among these defenses was a judgment in bar of the note.

We think the judgment of the Appellate Court correct, and it will be affirmed.

*Judgment affirmed.*