## D. ROY BOWLBY

### v.

## THOMAS J. ROBINSON ET AL.

*Forcible Entry and Detainer—Secs. 18 and 19, Chap. 57, R. S.—Appeal and Error.*

The clerk of the court to which an appeal is taken in a suit of forcible entry and detainer has no authority to ascertain and fix the appeal bond. This must be done by the trial court.

[Opinion filed March 27, 1893.]

APPEAL from the Circuit Court of Rock Island County; the Hon. ARTHUR A. SMITH, Judge, presiding.

Messrs. JACKSON & HURST, for appellant.

Messrs. SWEENEY & WALKER and W. H. GEST, for appellees.

MR. JUSTICE HARKER. Appellees recovered judgment in forcible detainer against appellant before a justice of the peace. Within five days thereafter appellant filed a bond for an appeal with the clerk of the Circuit Court. The clerk issued a writ of supersedeas, and the justice transmitted to him the papers and a transcript. No steps were taken to have the amount of an appeal bond ascertained and fixed by the court, as required by Sec. 19, Chap. 57 of the Revised Statutes, entitled "Forcible Entry and Detainer."

In the Circuit Court appellees moved to dismiss the appeal upon the ground that the amount of the appeal bond had not been ascertained and fixed by the justice. Thereupon appellant entered a cross-motion for leave to file a new bond. The court overruled the cross-motion and dismissed the appeal. From that judgment this appeal is prosecuted.

Appellant contends that he had the right to perfect his appeal by filing an appeal bond with the clerk of the Circuit

Court, and that such right is given by the first part of Sec. 18 of the Forcible Entry and Detainer Act, which reads as follows: " If any party shall feel himself aggrieved by the verdict of the jury or decision of the court upon any trial had under this act, such party may have an appeal, to be taken to the same courts in the same manner and tried in the same way as appeals are taken and tried in other cases." In this position he would be correct, did not Sec. 19 of the same act provide that if the defendant appeals he must execute an appeal bond in sufficient amount to secure the rent and damages which may accrue to the plaintiff by reason of the withholding of the premises " to be ascertained and fixed by the court." Evidently the court contemplated by the act was the one which tries the case. The clerk of the court to which the appeal is taken has no authority to ascertain and fix the bond. It is unnecessary to speculate as to the purpose and wisdom of the legislature in limiting the performance of that act to the official who tries the case.

It is sufficient for us to say that the legislature has so limited it in this kind of an action.

Appellant failed to perfect an appeal from the judgment entered against him in the justice's court in manner as required by statute. The Circuit Court properly dismissed his appeal.

Our view of the statute is supported by the opinion of our Supreme Court in Fairbank v. Streeter, 31 N. E. Rep. 494. The judgment will be affirmed.

*Judgment affirmed.*