Stanton *v.* Kenrick *et al.*

16,304.

## STANTON *v.* KENRICK ET AL.

AMENDMENT OF PLEADING.—*To Conform to the Evidence.—Refiling Demurrer.—When not Error to Refuse.*—An amendment of a pleading so as to conform it to the evidence is largely in the discretion of the court, and where such an amendment does not change the issues, it is not error to refuse to allow the demurrer to such pleading to be refiled after amendment.

SUPREME COURT PRACTICE.—*Weight of Evidence.*—Where there is evidence from which a fact might be inferred, and such fact is found in the trial court, the appellate tribunal will not review such finding.

REAL ESTATE.—*Deed, Assumption in by Grantee of Incumbrance.—Principal and Surety.—Contract.—Liability.*—One who, in a deed, assumes and promises to pay an incumbrance upon land as a part of the purchase price, becomes, by that assumption and promise, the principal debtor to the holder of the incumbrance, and liable to be sued himself for the debt, in the first instance. In such case, the grantor remains bound for the obligation; yet, as between the grantor and grantee, the former is surety and the latter principal.

PLEADING.—*Complaint.—Breach of Contract.—Allegation of.*—In an action founded on contract, the complaint is insufficient, which does not allege a breach of the contract.

FORMER ADJUDICATION.—*Plea of.—Good as to What Facts.*—A plea of former adjudication is good, not only as to what was decided, but, also, as to what might have been decided.

From the Carroll Circuit Court.

*J. H. Gould* and *G. R. Eldridge*, for appellant.

*R. C. Pollard* and *C. R. Pollard*, for appellees.

HOWARD, J.—This was a proceeding by the appellee Charles D. Kenrick to secure equitable relief by a judgment against the appellant on the assumption, by appellant, of payment of a mortgage debt due by the appellee Kenrick to the appellee Edward W. Bowen. The latter was also made a defendant.

The complaint, in substance, states that on December 3, 1887, appellee Kenrick executed to Abner H. Bowen

notes for $458.88, and, to secure their payment, he and his wife executed their mortgage on certain real estate; that said Abner H. Bowen indorsed said notes to appellee Edward W. Bowen, who, on April 17, 1890, recovered judgment on said notes in the Carroll Circuit Court against appellee Kenrick for $525.68, and a decree of foreclosure of said mortgage; that on March 9, 1889, appellant and appellee Kenrick mutually agreed, the said appellee to sell and appellant to buy of appellee the land described in said mortgage, to Bowen, and, in pursuance thereof, Kenrick and wife executed their deed therefor to appellant, who accepted the same and took possession of said real estate; that as part of the consideration for said deed, expressed therein, the appellant assumed the payment of said notes and mortgage. Wherefore, etc., prayer for equitable relief and for judgment against appellant for said $525.68, and interest thereon from April 17, 1890.

Copies of said notes, mortgage, and deed were made exhibits with the complaint.

A demurrer to the complaint for want of facts was overruled.

The answer was in three paragraphs, the second being a verified general denial. The first paragraph did not differ·materially from the third.

The third paragraph of answer was as follows:

After admitting the execution of the notes and mortgage to Abner H. Bowen, and the indorsement of the same to appellee, Edward W. Bowen, it is averred that "on or about March 9th, 1889, one Albert Stanton, a brother of this defendant, was about to purchase of said Kenrick the lands described in the complaint; and, to enable him to pay for the same, borrowed from the Citizens' Bank of Delphi, Indiana, the sum of $350, executing to said bank his promissory note therefor, this de-

fendant signing the same as surety for said Albert; that to secure and save this defendant from loss upon the liability so assumed by him as such surety to said bank, it was agreed, between said Kenrick and Albert Stanton and this defendant, that the deed of conveyance for said lands should be made to this defendant, he to hold and retain the same as a security until the payment of said note for $350 to the Citizens' Bank, when and at which time this defendant should reconvey the said real estate to the said Albert Stanton; that the said plaintiff, Kenrick, did not, at that time, or at any other time since, tender or deliver a deed of conveyance of said lands to this defendant, who never, at any time, received or accepted any such deed of conveyance, nor did this defendant, at any time, promise, undertake or assume to pay and satisfy the said notes of Kenrick, held by the said Bowen, as alleged in the complaint, nor was he, or is he, liable thereon.

"This said defendant further avers that on the 13th day of January, 1890, the said Edward W. Bowen commenced an action in the said Carroll Circuit Court, of Indiana, upon said notes, and to foreclose said mortgage described in the complaint, making parties defendant to said action the plaintiffs in this cause, said Albert Stanton and this defendant; that said Bowen, in his complaint filed in said action, among other things, alleged 'that on the 9th day of March, 1889, said defendants, Charles D. Kenrick and Martha B. Kenrick, his wife, conveyed by deed all the real estate described in said mortgage to said defendant, Squire B. Stanton, whereby said defendant, Squire Stanton, as a part of the purchase money for said real estate, assumed and agreed to pay all the notes secured by said mortgage, including the notes sued upon in this complaint, thereby becoming the payor to the payee of said notes. Said plaintiff

further avers that, by virtue of said deed of conveyance, Squire Stanton is claiming to be the owner thereof. * * * Wherefore, plaintiff demands * * * a personal judgment over against Charles D. Kenrick and Squire Stanton.'

"That this defendant, on the 27th day of January, 1890, in answer to said Bowen's said complaint, filed, in this court, his denial of the facts therein alleged, which answer was duly verified by the affidavit of this defendant; that the said plaintiffs herein appeared by their attorney in said action by Bowen, and, on the 17th day of March, 1890, filed, in said cause, their cross-complaint against the said Squire B. Stanton, alleging therein the same matters, facts and things charged in the complaint in this cause, and, in particular, averring in their said cross-complaint that they, the said plaintiffs, had agreed to sell, and the said Squire B. Stanton had agreed to purchase of them, the real estate described in the complaint herein, and that in pursuance of said agreement the said Kenricks, on the 9th day of March, 1889, made, executed, and delivered to the said Squire B. Stanton their warranty deed for said described lands, in which deed, and as a part of the consideration to be paid for said real estate, the said Squire B. Stanton assumed and agreed to pay the said notes and mortgage sued upon in said Bowen's complaint, which are the notes and mortgage mentioned in this action, and that said Squire B. Stanton accepted said deed, and the residue of the consideration for said real estate was thereupon paid to said Charles D. Kenrick by the said Squire B. Stanton, and possession of said real estate was thereafter surrendered to and entered into by the said Squire B. Stanton, pursuant to the terms of said sale; that on April 1, 1890, in said action by Bowen, this defendant filed, in this court,

Stanton *v.* Kenrick *et al.*

in answer to said cross-complaint, his denial of th
facts therein alleged, which answer was duly sworn to ᴜⱼ
this defendant; that all other issues between the several
parties to said action being closed, the said court, with-
out the intervention of a jury, on the —— day of April,
1890, proceeded with the trial of said cause, the said
Kenricks being then and there present in court at the
trial, in person and by their attorneys; that in said cause
these plaintiffs, Kenricks, employed counsel for the pur-
pose of maintaining the allegations and charges of their
said cross-complaint, and also for the further purpose of
aiding and assisting the said Bowen in maintaining and
establishing the averments of his said complaint; that at
said trial of said cause, these plaintiffs, Kenricks, acting
in collusion with and for the purpose of aiding said
Bowen, testified in court as witnesses; that they then and
there introduced in evidence the identical notes, mort-
gage, and deed of conveyance mentioned in the complaint;
and that they there and then introduced all their other
evidence in support of the said allegations in their said
cross-complaint contained, and also introduced all other
evidence they had in support of, and to establish and
maintain, the said averments of fact and charges against
this defendant contained in said Bowen's complaint, act-
ing in concert and collusion with the said Bowen in all
things pertaining to said trial; that at said trial this de-
fendant also introduced in evidence all his proofs and
testimony in support of, and to establish and maintain,
his pleas to said cross-complaint of said plaintiffs, Ken-
ricks, and his said pleas to said Bowen's said complaint;
that all the evidence of all the parties to said action was
then and there heard, noted and considered by the judge
of this court, and all the issues in said cause, constitut-
ing the same identical issues and facts as in this action,
were there and then fully presented and tried.

"The said Squire B. Stanton further avers that in said action instituted by Bowen, and in the conduct of the same, there was no collusion or fraudulent concert or combination or conspiracy between him and the said Bowen, or between him and any other parties or party to said action, but that therein he honestly and in good faith attempted to maintain his said pleas of denial and *non est factum;* that thereafter, on the 17th day of April, 1890, the said judge of this court, Hon. Alfred W. Reynolds, being then about to render his finding and judgment in said action by Bowen, the said cross-complainants, Kenricks, who are plaintiffs herein, still acting in concert with the said Bowen, and with the fraudulent purpose of injuring this defendant, dismissed their said cross-complaint against this defendant, and the court then found that the said Charles D. Kenrick alone was indebted upon said notes to the said Edward W. Bowen in the sum of $525.68, and rendered judgment against said Kenrick for said sum, and the court further adjudged and decreed that said mortgage be foreclosed against all of said defendants, and that the said lands be sold by the sheriff of said county, as other lands are sold on execution; and the court, upon the facts found, did not render any judgment against this defendant upon said notes, or either of them.

"The said defendant, Squire B. Stanton, avers that all the material matters, facts and issues in this action were fully presented, heard, and considered in said action brought by the said Edward W. Bowen, and that these said plaintiffs, Kenricks, have stood by and have waived all rights, claims and demands against this defendant, and are now estopped and barred from asserting the same, and from maintaining this action; and the defendant prays for a judgment for costs, and for all other proper relief."

A demurrer to this paragraph of answer, and also to the first paragraph, was sustained; and the finding and judgment of the court was in favor of appellee Kenrick, against the appellant for $557.12, and in favor of appellee Bowen.

It was ordered in the decree that any payments made on the judgment "shall stand as payments to the same extent upon a judgment and decree of foreclosure rendered in this court on the 17th day of April, 1890, in favor of Edward W. Bowen against Charles D. Kenrick, and entered on page 511, of order-book 29, of this court."

Numerous errors are assigned and discussed by counsel for appellant. Appellees, however, have not favored us with a brief, and we are left without information as to the reasons which influenced the able and learned judge who tried the case in making the rulings complained of.

By leave of court, the complaint was amended to conform with the evidence, by striking out the name of the wife of the appellee, Kenrick, as party plaintiff. She appeared originally as co-plaintiff, but the evidence showed she had no interest in the cause.

We do not think this amendment changed the issues or made new ones; nor does the record show that appellant was misled or in any way prejudiced by it. Such amendments are largely in the discretion of the court. *Leib* v. *Butterick,* 68 Ind. 199; *Child* v. *Swain,* 69 Ind. 230; *Judd* v. *Small,* 107 Ind. 398; *Burns* v. *Fox,* 113 Ind. 205; *Levy* v. *Chittenden,* 120 Ind. 37.

As the issues were not changed by the amendment, it was not error to refuse to allow the demurrer to the complaint to be refiled. That demurrer still stood, in so far as the complaint was not amended. The ruling could, therefore, do appellant no harm; for, if his demurrer to the original complaint was good, it was good also to the

amended complaint. Were the case otherwise, however, and the amendment such as to change the issues, it would have been error to refuse to allow appellant to re-file his demurrer. The court could not thus deprive a party of his right to search a pleading.

Counsel urge, with much earnestness, that the evidence does not sustain the finding, inasmuch as there is no proof that the deed to appellant by appellee Kenrick and wife was ever delivered or accepted.

There was evidence that "the deed was handed to Squire Stanton. Squire handed it to Albert (Squire's brother), with instructions to take the deed and see that his sister, Martha Kenrick, signed it, and after her signing it to deliver it to him."

We think that from this and similar evidence given on the trial the court might have found that the deed was delivered. It was for the court to weigh the evidence before it.

The overruling of the demurrer to the complaint is assigned as error, and the sufficiency of the complaint is also attacked directly.

One who, in a deed, assumes and promises to pay an incumbrance upon land as a part of the purchase price, becomes, by that assumption and promise, the principal debtor to the holder of the incumbrance, and liable to be sued himself for the debt, in the first instance; and, while the grantor remains bound for the obligation, yet, as between grantor and grantee, the former is surety and the latter principal. So in this case, the appellant became liable to a personal action by the appellee Bowen, upon the contract to pay the incumbrance contained in the deed from the appellee Kenrick. *McDill* v. *Gunn*, 43 Ind. 315; *Josselyn* v. *Edwards*, 57 Ind. 212; *Campbell* v. *Patterson*, 58 Ind. 66; *Rodenbarger* v. *Bramblett*, 78 Ind. 213; *Ellis* v. *Johnson, Trustee*, 96 Ind. 377; *State, ex rel.*,

v. *Davis*, 96 Ind. 539; *Bateman* v. *Butler*, 124 Ind. 223; *Burr* v. *Beers*, 24 N. Y. 178; *Society of Friends* v. *Haines*, 47 Ohio St. 423.

This was an equitable suit, on the assumption and promise of appellant, to compel him to pay any deficiency that might remain after the sale of the land on foreclosure, and for judgment against appellant for $525.68, being the amount of the mortgage debt. Kenrick had a right to bring such a suit to protect himself against the payment of such deficiency, for which he was himself liable to the appellee Bowen. Kenrick was liable to Bowen, but Stanton was liable to Kenrick, and to lessen litigation, a judgment might be had against Stanton directly.

But while the complaint thus shows a right of action against the appellant on his agreement, made in part consideration of the purchase price of the land sold to him by Kenrick, yet counsel for appellant say that the complaint is fatally defective, inasmuch as it fails to show that the debt, or some part of it, is due and unpaid; nor is it averred that the appellant neglected or refused to pay the debt, or any part of it.

In *Smythe* v. *Scott*, 106 Ind. 245, a statement in a complaint that "a cause of action hath accrued," was held insufficient to raise an inference of nonpayment.

In *Higert* v. *Trustees*, etc., 53 Ind. 326, it was held to be "well settled, by repeated decisions of this court, that in an action upon an instrument containing an agreement to pay money, it must appear from the complaint that the sum demanded remains unpaid."

In *Wheeler*, etc., *Co.* v. *Worrall*, 80 Ind. 297, the court held that "The rules of good pleading require that in all actions for breaches of contract for the payment of money, the complaint should either aver a nonpayment

of the money demanded, or facts from which its non-payment can be fairly inferred.''

In *Lawson* v. *Sherra*, 21 Ind. 363, it was said that "A pleading founded upon a contract is never complete, either in form or substance, unless it alleges a breach.''

In *Brickey* v. *Irwin*, 122 Ind. 51, which was a suit by a physician, upon an agreement to pay for medical services, the court said: "It appears from the facts pleaded that there was a valid promise, but it does not appear that there was any breach of this promise. Without a breach there could be no cause of action. It is a familiar doctrine that the cause of action must be complete when the action is commenced, and that this must appear in the complaint.''

Following these authorities, we must hold that the complaint in this case is bad, for want of an allegation that the debt, or some part of it, is due and unpaid. For all that appears, the amount due may have been paid on sale of the land on the foreclosure, or the appellant may have otherwise satisfied the debt.

As was said in the case of *Pace* v. *Grove*, 26 Ind. 26, where the court reversed the judgment because of the insufficiency of the complaint, so we may say, in this case, that "We do not feel it to be our duty to review the action of the court upon the answer to the complaint.'' We have, however, set out the third paragraph of the answer in full, and we think it clearly shows a former adjudication of the issues between the parties in this case.

The plea of former adjudication is good, not only as to what was decided, but also as to what might have been decided. The answer shows that the matters in controversy in this case were presented by appellee Kenrick, by cross-complaint, and that issue was joined, in a

suit brought by appellee Bowen, against all the other parties to this suit, to foreclose the mortgage given him by appellee Kenrick, the payment of which had been assumed by appellant. The same issues as in this case, and the same parties, were before the court in that case; and the court had jurisdiction of both the subject-matter and the parties.

The evidence on the cross-complaint was presented on each side, and when the court was about to decide the case, the cross-complaint was withdrawn by Kenrick, and the court rendered judgment against him alone on the complaint.

In this withdrawal of his cross-complaint by Kenrick, no fraud, collusion, or inducement on the part of appellant is shown, or even intimated, and is, moreover, expressly denied in the answer under consideration; and it is plain that, by his own act, in thus withdrawing his pleading, Kenrick could gain no new right as against the appellant. *Ely* v. *Wilcox*, 26 Wis. 91.

It thus appears that the court in that case might have decided all of the issues raised in this case, and we think the parties to that suit are estopped from again bringing suit on the same matter. As to all the parties it is *res adjudicata*. *Gilmore* v. *McClure, Admr.*, 133 Ind. 571, 33 N. E. Rep. 351, and *Eckert* v. *Binkley*, 134 Ind. 614, 33 N. E. Rep. 619, and authorities cited in those cases. See, also, *Roby* v. *Eggers*, 130 Ind. 415; *Robbins* v. *City of Chicago*, 4 Wall. 657; *Zimmerman* v. *Zimmerman*, 15 Ill. 84; *Drake* v. *Perry*, 58 Ill. 122; *Leslie* v. *Boute*, 130 Ill. 498; *Bank, etc.*, v. *Ketchum*, 66 Wis. 428; *Sturtevant* v. *Randall*, 53 Me. 149.

We think, therefore, that the court also erred in sustaining the demurrer to appellant's answer of former adjudication.

The judgment is reversed, with instructions to sustain the demurrer to the complaint, and for further proceedings in accordance with this opinion.

Filed Nov. 1, 1893.