# Ella C. Voorhees, Appellant, v. Carl Schrieber, Appellee.

JUSTICES OF THE PEACE, § 192*—*with whom appeal bond in forcible detainer must be filed.* On an appeal by a defendant in forcible detainer, the provisions of the Forcible Detainer Act, J. & A. ¶¶ 5859, 5860, requiring the amount of an appeal bond to be fixed by the justice of the peace and to be filed with the justice, must be complied with, and it is not sufficient to file the bond with the clerk of the Circuit Court in an amount fixed by the clerk.

Appeal from the Circuit Court of Madison county; the Hon. WILLIAM E. HADLEY, Judge, presiding. Heard in this court at the March term, 1913. Reversed and remanded with directions. Opinion filed October 9, 1913.

J. V. E. MARSH, for appellant.

E. B. GLASS, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

Appellant brought an action of forcible detainer against the appellee, before a justice of the peace at Alton, and recovered a judgment.

Appellee appealed. Appellee filed no bond with the justice of the peace. He did file what he claims was

an appeal bond with the clerk of the Circuit Court of Madison county within five days of the rendition of the judgment by said justice. There is no evidence in this record showing that appellee filed any appeal bond with the justice of the peace or even made attempt to do so. No effort appears to have been made by appellee to comply with that provision of the Forcible Detainer Act (J. &. A. ¶ 5859), which requires the filing of an appeal bond with the justice of the peace, within five days of the rendition of the judgment, in order to perfect an appeal. The statute (J. & A. ¶ 5860) also requires the justice of the peace to fix the amount of such bond. No one but the justice is authorized to fix the amount of such bond. *Fairbank v. Streeter,* 142 Ill. 226.

The bond which appellee filed with the circuit clerk was placed at four hundred dollars. Who fixed the amount? And on what sort of a showing or by whom was the fact as to the required amount made known?

The real purpose of the statute requiring the amount of the bond to be fixed by the trial court would be defeated if the party seeking to appeal from a judgment in forcible detainer cases could present his bond in such sum as he pleased to the Appellate Court and obtain a *supersedeas* thereon.

This case does not come within that class where an attempt is made in good faith to comply with the legal requirements or where there has been a substantial compliance. In this case the filing of a bond with the clerk of the Circuit Court indicated more of a disregard for the statute than an attempt in good faith to comply with it.

The motion made by appellant to dismiss the appeal should have been allowed, and it was error to deny it.

For the errors indicated, the judgment in this case is reversed and the cause remanded with directions to dismiss the appeal.

*Reversed and remanded with directions.*