## Ida Drewitz, Appellee, v. John Sault and Martha Sault, Appellants.

### Gen. No. 7,152.

1. FORCIBLE ENTRY AND DETAINER—*right to supplement transcript on appeal by affidavits.* The provisions of the statute relating to appeals from forcible entry and detainer judgments, sec. 18, Cahill's Ill. St. ch. 57, ¶ 19, providing that the appeal must be prayed and bond filed within five days of the rendition of judgment and that the justice must fix the amount of the appeal bond, are mandatory, and a transcript on appeal from the justice's court in such case which fails to show that the justice fixed the amount of the appeal bond cannot be cured by affidavits showing that he did actually fix the amount of the bond.

2. FORCIBLE ENTRY AND DETAINER—*dismissal of appeal for insufficiency of transcript as to appeal bond.* An appeal from a judgment in forcible entry and detainer for the possession of the premises rendered in a justice's court must be dismissed where the transcript on appeal does not show that the amount of the appeal bond was ascertained and fixed by the justice, even though it may otherwise appear that such was the case.

Appeal by defendants from the Circuit Court of La Salle county; the Hon. EDGAR ELDREDGE, Judge, presiding. Heard in this court at the October term, 1922. Affirmed. Opinion filed March 16, 1923.

W. A. PANNECK, for appellants.

T. N. HASKINS, for appellee.

MR. JUSTICE JETT delivered the opinion of the court.

On April 24, 1922, Ida Drewitz, appellee, filed a complaint in writing and instituted a proceeding in forcible entry and detainer before a justice of the peace in the City and County of LaSalle, in which complaint she alleged that she was the owner of and entitled to the possession of lot 2 in block 79 in the said City of LaSalle, and that the appellants, John Sault and

Martha Sault, unlawfully withheld the possession thereof from appellee, and also alleged that appellants were indebted to her for rent in a certain sum of money not to exceed $300.

The appellants, and each of them, were served with summons. The case was continued from time to time and was tried on the 18th day of May, 1922, and, on the day of the trial, the justice of the peace rendered a judgment in favor of appellee for the possession of the premises described in the complaint and also found for her in the sum of $40 as rent against the appellants.

On May 19, 1922, the appellants executed their appeal bond and filed the same with the clerk of the circuit court, where said bond was approved on the 23rd day of May, 1922, the same being within five days from the rendition of the judgment by the justice of the peace against appellants.

The transcript of the record of the judgment before the justice fails to show that an appeal was prayed for within five days and likewise fails to show the amount of the appeal bond was fixed by the justice.

On the hearing in the circuit court a motion was made by appellee to dismiss the appeal for the reason that the amount of the appeal bond had not been fixed by the justice. A cross motion was made by appellants for leave to file an affidavit to show that the amount of the bond had been so fixed by the justice. The cross motion was denied, the motion to dismiss was allowed and the appeal was dismissed and from that order this case has been brought to this court.

On this record appellants assigned two errors. The first is that the court erred in refusing to grant appellants the right to file affidavits in support of their cross motion. The second is that the court erred in dismissing the appeal of the appellants. Section 18 of chapter 57 of the statute in relation to appeals from forcible entry and detainer judgments is as follows:

"If any party shall feel aggrieved by the verdict of the jury or decision of the court, upon any trial had under this act, such party may have an appeal, to be taken to the same courts, in the same manner and tried in the same way as appeals are taken and tried in other cases. *Provided,* the appeal is prayed and bond is filed within five days from the rendition of the judgment, and no writ of restitution, shall be issued in any case until the expiration of said five days." [Cahill's Ill. St. ch. 57, ¶ 19.]

Section 19 of said chapter provides: "If the defendant appeals, the condition of the bond shall be that he will prosecute such appeal with effect, and pay all rent then due or that may become due before the final determination of the suit, and also all damages and loss which the plaintiff may sustain by reason of the withholding of the premises in controversy, and by reason of any injury done thereto during such withholding, until the restitution of the possession thereof to the plaintiff, together with all costs that may accrue in case the judgment from which the appeal is taken is affirmed or appeal dismissed; which said bond shall be in sufficient amount to secure such rent, damages and costs, to be ascertained and fixed by the court." [Cahill's Ill. St. ch. 57, ¶ 20.] It will be observed that the statute is mandatory in providing that the amount of the bond shall be ascertained and fixed by the court.

Appellants insist that the amount of the bond was in fact fixed by the justice and made a motion for leave to file an affidavit showing such fact.

We are clearly of the opinion that the question cannot be raised by affidavits but that the proper procedure would have been for a rule upon the justice to send up a complete transcript of the record, if he had not done so.

A decision of this cause must necessarily be reached from a consideration of the record as it comes to us. Appellants having failed to pray for an appeal, and

to have the amount of the appeal bond fixed by the justice before whom the trial was had within the time as required by law, lost the right to appeal. The right of appeal is lost by failure to have the amount of the appeal bond fixed by the trial court. *Fairbank v. Streeter,* 142 Ill. 226.

The clerk of the court to which an appeal is taken in a suit of forcible entry and detainer has no authority to ascertain and fix the appeal bond. This must be done by the trial court. *Bowlby v. Robinson,* 45 Ill. App. 531.

On an appeal by a defendant, in forcible detainer, the provisions of the Forcible Detainer Act, requiring the amount of an appeal bond to be fixed by the justice of the peace and to be filed with the justice, must be complied with, and it is not sufficient to file the bond with the clerk of the circuit court in an amount fixed by the clerk. *Voorhees v. Schrieber,* 183 Ill. App. 626.

Appellants insist that to require the bond to be fixed by the justice in all cases, an unscrupulous court could deprive a party litigant of his right to appeal and by that means work great injustice.

It is unnecessary for us to speculate as to the purpose and wisdom of the legislature in limiting the performance of the act to the official who tries the case. It is sufficient to say that the legislature has so limited it in this kind of an action and by that limitation the courts of the State are bound. If the justice had, as a matter of fact, fixed the amount of the appeal bond as is claimed by appellants, they could not hope to have such fact established except by what was shown by the transcript of the docket of the justice. It is quite evident from the position assumed by appellants that they knew the transcript failed to show that the justice had fixed the amount of the bond.

We are, therefore, of the opinion that the circuit court properly denied the cross motion of appellants,

and the dismissal of the appeal necessarily followed, and the judgment of said court is affirmed.

*Affirmed.*