## Irving A. Lilly, Appellee, v. Mabel A. Lilly, Appellant.

## Gen. No. 30,565.

1. APPEAL AND ERROR—*scope of review in absence of bill of exceptions.* Where no bill of exceptions is filed the reviewing court is limited, on the consideration of an appeal, to the contents of the common-law record.

2. FORCIBLE ENTRY AND DETAINER—*dismissal of appeal from justice court where transcript fails to show fixing of amount of appeal bond.* An appeal from the judgment of a justice of the peace in an action of forcible entry and detainer is properly dismissed where the transcript of the judgment of the justice fails to show that the justice fixed the amount of the appeal bond, as required by statute.

3. JUSTICES OF THE PEACE—*correction of defective transcript of judgment after filing in circuit court.* Where the transcript of a judgment of a justice of the peace in an action of forcible entry and detainer is defective in that it fails to show that the justice fixed the amount of the appeal bond, such defect cannot be corrected by an informal letter from the justice to the clerk of the circuit court asking him to supplement the transcript by adding a paragraph supplying the omitted statement.

4. APPEAL AND ERROR—*necessity of preserving motions and rulings thereon in bill of exceptions to procure review.* Motions generally, and rulings of the court thereon, in order to be considered on review, must be preserved in a bill of exceptions.

5. JUSTICES OF THE PEACE—*entry of appearance by appellee as precluding right to move dismissal of appeal because of subsequently filed defective transcript of judgment.* Where, because of the filing of a defective transcript of the judgment of a justice of the peace in an action of forcible entry and detainer, the circuit court failed to acquire jurisdiction of an appeal from such judgment, the appellee was not precluded to move the dismissal of the appeal because he had, prior to the filing of such transcript, entered his appearance in the case in the circuit court.

6. APPEAL AND ERROR—*source of right of appeal.* The right of appeal does not exist by virtue of the common law, nor of the constitution, but is dependent upon some statute creating it.

Appeal by defendant from the Circuit Court of Cook county; the Hon. JOHN A. SWANSON, Judge, presiding. Heard in the third division of this court for the first district at the October term,

Lilly v. Lilly, 240 Ill. App. 488.

1925.   Affirmed.   Opinion filed May 5, 1926.   Rehearing denied May 18, 1926.

E. M. SEYMOUR, for appellant.

FRANK W. SWETT, for appellee.

MR. JUSTICE TAYLOR delivered the opinion of the court.

The plaintiff, Irving A. Lilly, having obtained, before a justice of the peace, a judgment in forcible entry and detainer against the defendant, Mabel A. Lilly, and two other persons, and Mabel A. Lilly having appealed therefrom to the circuit court, and the latter court having ordered that the appeal from the justice's judgment be dismissed, an appeal was taken from the order of the circuit court to this court.

The order of the circuit court, which was entered on June 12, 1925, is as follows: "Order of court that appeal of appellant be dismissed, procedendo issue, and appeal allowed upon filing appeal bond in the sum of $5,000 to be approved by the court in five days." As no bill of exceptions has been filed, we are limited to the contents of the common-law record. That record shows the following: On March 23, 1925, Mabel A. Lilly, the defendant in the suit before the justice of the peace (and hereinafter called the defendant) filed an appeal bond in the sum of $1,000 with the clerk of the circuit court. The clerk received and approved the bond. On the same day a summons was issued, and on March 26, 1925, served on Irving A. Lilly (hereinafter called the plaintiff).

On March 23, 1925, a writ of supersedeas was issued, and on March 26, 1925, duly served on the justice of the peace by the sheriff of Cook county. On April 2, 1925, the attorneys Kraft, Kraft & Erskine filed the following appearance for the plaintiff: "We hereby

enter the appearance of Irving Lilly   *   *   *   in the above entitled cause.''

On May 11, 1925, the defendant filed a ''Transcript of Judgment,'' signed, sealed and certified to by W. P. Martin, justice of the peace, in the office of the circuit clerk. The transcript of judgment recites, among other things, that on March 21, 1925, the plaintiff and the defendant were present; that three witnesses were sworn and examined, and documentary evidence admitted, and that judgment was entered, finding the defendant guilty of unlawfully withholding possession of the premises from the plaintiff; ''that A. F. Lilly, Agent, be restored to the possession of the premises, that the defendants William Fish, Mabel Lilly, and Helen Lilly, be dispossessed of said premises, and that the plaintiff recover costs of the suit.'' It also recites that the transcript was furnished to the circuit court, pursuant to supersedeas issued on March 23, 1925, by that court.

On June 8, 1925, there was filed in the office of the clerk of the circuit court a paper containing the following:

''Clerk, Circuit Court, City Hall, Chicago, Illinois.
''Dear Sir:

''Supplementing my transcript filed in the case of *A. F. Lilly, Agent v. William Fish, Mabel Lilly, and Helen Lilly,* it has been called to my attention that I failed to stipulate the amount of bond that was decided on. Will you please enter the following as a supplement to this transcript:

'' 'In the above mentioned case it was decided after discussion of both parties concerned that a bond of one thousand dollars be set in the forcible entry and detainer judgment.'

''Very truly yours,
''W. P. Martin,
''Justice of the Peace.''

The signature, W. P. Martin, is in typewriting, and over it, in pencil, are written the initials W. P. M. Below the signature are the words, in typewriting, "Filed and registered June 9, 1925, Thomas O. Wallace, Clerk, Per Tyrell."

On June 12, 1925, an order was entered by Judge Swanson, of the circuit court, as follows:

"On motion of plaintiff's attorney, it is ordered that the appeal bond herein be and the same is hereby dismissed for failure to comply with the statute, at defendants' costs, and that a procedendo issue herein to the court below," and that the plaintiff recover his costs from the defendants.

It also shows that the defendants prayed an appeal from that judgment to the Appellate Court, and that it was allowed, upon the defendants filing an appeal bond in the sum of $5,000, to be approved by the court within five days from date.

On June 17, 1925, on motion of the defendants' attorney, the time to file the appeal bond was extended for fifteen days, and the amount of the bond reduced to $2,000.

On the same day, an appeal bond in the sum of $2,000, signed by the defendants and assured, was approved by the trial judge.

This appeal is from the above mentioned order of June 12, 1925, which dismissed the appeal from the justice for failure of the defendant to comply with the statute.

We are of the opinion that the transcript filed by the justice did not comply with the statute. It failed to fix the amount of the bond. The informal letter of June 8 was not a substantial compliance with the requirements of the statute. It does not even purport to be a "transcript of his docket." It has been held that a justice of the peace is not allowed to change or vary the transcript of his record by testimony in open court, even where he is subject to cross-examination—

*Zimmerman v. Zimmerman,* 15 Ill. 84, 85—and certainly a letter to the clerk, as this was, informally signed, is too casual and uncertain to be taken as compliance with the statute. The proceedings before a justice of the peace, as the court intimates in the *Zimmerman* case, are as important and as solemn as those of other courts, so, where the statute calls for a "transcript of his docket in the case with a certificate under his hand that said transcript and papers contain a full and perfect statement of all the proceedings before him" (chapter 79, ¶ 116, Cahill's St. 1925), it is not sufficient merely to send by mail to the clerk such a letter as that of June 8, 1925. *Drewitz v. Sault,* 228 Ill. App. 385.

It is urged that the defendant failed to file an appeal bond with the justice of the peace or made any attempt to do so. The Forcibly Entry and Detainer Act (Cahill's St. ch. 57, ¶ 19) provides that he "may have an appeal, to be taken to the same courts, in the same manner and tried in the same way as appeals are taken and tried in other cases. Provided, the appeal is prayed and bond is filed within (5) days from the rendition of the judgment." Section 19 [Cahill's St. ch. 57, ¶ 20] provides that the amount of the bond shall be fixed by the court. In *Fairbank v. Streeter,* 143 Ill. 226, the court said: "We think the language of these two sections clearly manifests an intention on the part of the legislature, that, whether a forcible entry and detainer case is tried in a justice's court or a court of record, the defendant can only perfect an appeal from a judgment there rendered by praying the same, and filing his bond, in an amount fixed by the trial court, within five days from the rendition of such judgment."

The cases of *Drewitz v. Sault, supra,* and *Voorhees v. Schrieber,* 183 Ill. App. 626, are not in accord with what appears to be the clear intimation of the Supreme Court in *Fairbank v. Streeter, supra,* nor with

the provisions of the statute, which in our judgment do not require that the bond shall be filed with the justice of the peace.

It is urged for the defendant that the trial judge dismissed the appeal on account of the signature on the appeal bond filed on March 23, 1925. The trouble with that contention is that in the absence of a bill of exceptions, we do not even know what the motion was, nor when, if ever, it was made; nor what proceedings took place. Motions generally, and rulings of the court thereon, in order to be considered on review, must be preserved in a bill of exceptions.

It is also urged that the plaintiff having filed his appearance in the circuit court on April 2, precluded himself from the right to urge a dismissal of the appeal. That contention we think is untenable. As no appeal was perfected, the motion was apt.

It is also urged that some constitutional rights of the defendant, as to his appeal from the justice, were ignored by the trial judge. The right of appeal does not exist by virtue of the common law, nor of the constitution, but is dependent upon some statute creating it.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

THOMSON, P. J., and O'CONNOR, J., concur.