Boruff *v.* Hudson.

*W. R. Crawford, S. O. Bayless* and *C. G. Guenther,* for appellants.

*S. M. Ralston* and *M. Keefe,* for appellee.

Filed June 21, 1894.

———————◆———————

No. 16,575.

BORUFF *v.* HUDSON.

PRACTICE.—*Overruling Motion to Strike out Parts of Pleading.—When not Reversible Error.*—The overruling of a motion to strike out parts of a complaint is not such error as will work a reversal where it is manifest that the moving party has not been prejudiced by the ruling.

SAME.—*Refusing to Strike out Interrogatory.—No Answer Disclosed by Record.*—The defendant can not complain of the overruling of a motion to strike out an interrogatory propounded to him by the plaintiff, where the record does not disclose any answer to the interrogatory.

SPECIFIC PERFORMANCE.—*Contract.—Conveyance of Land.—Statute of Frauds.—Part Performance.—Parties.—Consideration.*—A entered into a written contract with B to convey to him certain land, and subsequently B executed a written contract to convey certain de-

scribed parts of said land to C, in the event of a conveyance to him (B) under the terms of the first mentioned contract. By parol agreement of all the parties to the first two contracts and D, the first named tract (the tract to be conveyed from A to B) was to be conveyed to D, who was to perform the stipulation of said two contracts as to B. A conveyed the said land to D, but D refused to comply with the terms of the contract by which the conveyance to C was to be made. C brought suit against D for specific performance.

*Held,* that, as between B and C, the two written contracts entered into and formed the basis, as one, of the transactions.

*Held,* also, that as between B and C, there was a full performance on the part of B and his obligor, A.

*Held,* also, that the suit for specific performance was not barred by the statute of frauds.

*Held,* also, that C was a proper party to enforce performance by D.

*Held,* also, that the receiving of valuable consideration by D from B for assuming the performance, is sufficient consideration to support the promise of D.

From the Lawrence Circuit Court.

*N. Crooke* and *M. Owen,* for appellant.

HACKNEY, C. J.—The appellee sued the appellant by complaint in two paragraphs, the first demanding specific performance of a contract to convey real estate, and the second demanding damages for a failure to convey said real estate under such contract.

The essential facts alleged were that one Walls procured a written contract for the conveyance to him of a certain tract of land; that subsequently thereto Walls executed a written contract whereby he obligated himself to convey to the appellee certain described parts of said tract, in the event of a conveyance to him under the terms of the first mentioned contract; that by an agreement of the parties to said two contracts and the appellant, said first named tract was to be conveyed to the appellant who was to perform the stipulations of said two contracts as to said Walls; that the conveyance of the

first mentioned tract was made to the appellant, and that he refused to comply with the terms of the contract, by which said conveyance to the appellee was to be made. Issues were formed, and upon a trial and special findings and conclusions of law there was a decree in favor of the appellee, awarding specific performance, and directing a conveyance, by commissioner, of parts of the real estate sought by the complaint.

Overruling a motion to strike out parts of a complaint is not such error as to require a reversal where it is not manifest that the moving party has been prejudiced by the ruling. The appellant was not prejudiced by the ruling upon his motion to strike out parts of the complaint.

Objection is made that the court overruled the appellant's motion to strike out an interrogatory propounded by the appellee and filed with the complaint. The record discloses no answer to this interrogatory, and we perceive no prejudice to the appellant by an interrogatory which he did not answer.

Under the demurrer to the complaint, the appellant insists that the appellee was not a proper party in interest; that no consideration moved from the appellee to Walls or to the appellant to support a promise to convey to him, and that the appellant's contract, not having been in writing, was void under the statute of frauds, both as to the second and fourth subdivisions of section 1, of said statute, R. S. 1881, section 4904; R. S. 1894, section 6629.

The theory of the suit was that Walls, holding a contract of purchase, and having agreed to convey to Hudson, upon the performance of such contract, disposed of the fruits of that contract to Boruff, who, as the consideration therefor, assumed the obligations of Walls

under both such contracts; that Boruff having received and accepted the fruits of such contract could not avoid the consideration therefor.

A promise to pay purchase-money to a third person to the credit of the grantor is not a promise to pay the debt of another within the meaning of the statute of frauds. *Bateman* v. *Butler*, 124 Ind. 223; *Wolke* v. *Fleming*, 103 Ind. 105; *Carter* v. *Zenblin*, 68 Ind. 436; *Crim* v. *Fitch*, 53 Ind. 214; *Haggerty* v. *Johnston*, 48 Ind. 41; *McDill* v. *Gunn*, 43 Ind. 315; *Helms* v. *Kearns*, 40 Ind. 124; *Snyder* v. *Robinson*, 35 Ind. 311; *Woodward* v. *Wilcox*, 27 Ind. 207; *Gwaltney* v. *Wheeler*, 26 Ind. 415.

In *Wolke* v. *Fleming, supra,* the contract assumed by parol was a lease in writing, for ten years. It was held that the promise to pay rents, under the contract so assumed, was not within the statute of frauds as an agreement to pay the debt of the lessee. There is no difference in principle between the question so decided and that now under consideration. There it was strongly intimated, and we have no doubt correctly, that, though the promise forming the consideration was within the statute of frauds, if there were a full performance of the contract by which the promisor obtained the fruits of the contract, such part performance would take the promise out of the statute. Here, as between Walls and Boruff, the two written contracts entered into and formed the basis, as one, of the transaction; as between Walls and Boruff there was a full performance on the part of Walls and his obligors, and Boruff received through his parol contract the full fruits of the written contract assigned to him.

By section 5 of the statute of frauds, R. S. 1894, section 6633; R. S. 1881, section 4908, it is provided that in cases of part performance the statute shall not be deemed to abridge the powers of the courts to enforce

Boruff v. Hudson.

specific performance of agreements. This provision was intended to prevent such injustice as that attempted in this case, of taking all the benefits of the contract and then urging the statute as a defense against the burdens forming the consideration of the contract.

If the agreement to convey to Hudson had been, instead, an obligation to convey to Walls, there could be little doubt that the part performance as to Walls would have cut off a resort by Boruff to the statute of frauds, and since we have seen that Hudson, in this respect, stands in the place of Walls, and that he may properly do so, notwithstanding the statute, there is no doubt that Hudson was a proper party. Nor is it a proper inquiry, as between Boruff and Hudson, as to the value and extent of the consideration moving from Hudson to Walls to support the contract of Walls with Hudson assumed by Boruff. That Boruff received value from Walls for the assumption is sufficient consideration to support the promise of Boruff. It was not necessary that the consideration should have passed from Hudson to Boruff.

It is suggested by appellant's counsel, that there is a defect of parties defendant in that those who contracted to convey to Walls, and instead conveyed to Boruff, pursuant to the verbal agreement between Boruff and Walls, should have been parties. No argument or authority is cited in support of the suggestion, and no reason appears to us to have made it important to take the persons mentioned before the court. They had no interest whatever in the result of the litigation, and their presence was not necessary to the title sought by the appellee.

Upon the motion for a new trial, the question is made that the evidence failed to establish title in the appellant's grantors. The appellee was entitled to a marketable title under the contract with Walls, so assumed by

the appellant, and the burden of supplying it rested upon the appellant.   Just how it became essential to the appellee's recovery that he should show that the appellant possessed a marketable title, is not suggested, and does not occur to us.   That the appellant obtained a conveyance for the tract, was the condition upon which he was to convey to Hudson.   There is no breach of this condition claimed by the appellant.

There are other alleged errors discussed by the appellant, but they are necessarily included within the questions already considered.

The appellee has not aided us by any brief or argument of the questions presented by the record.

No error appearing in the record, the judgment of the circuit court is affirmed.

Filed June 5, 1894.