HARRISON BUILDING AND DEPOSIT COMPANY v. LACKEY.

[No. 18,237.    Filed November 18, 1897.]

PLEADING.—Variance.—When the allegations of a pleading vary from the provisions of the instrument upon which it is founded, the provisions of such instrument control, and such allegations will be disregarded. p. 14.

HUSBAND AND WIFE.—Contract of Suretyship.—Building and Loan Association.— Mortgage. — Foreclosure.—Where a mortgage executed by a husband and wife on real estate held by them as tenants

by entireties to a building association, conditioned that if the husband, who was a member of such association, and the holder of two shares of stock therein, upon which had been advanced to him the sum of $1,000.00, would pay to said association certain stipulated sums per week, until the dues paid should equal the amount advanced, or until the dissolution of such company, then such obligation should be void, such mortgage did not secure the repayment of the money advanced, but only secured the payment of the weekly dues, interest, premiums, fines, and assessments, as therein specified, of the husband as a member of such association, and such mortgage was, as to the wife, a contract of suretyship, and void under the provisions of section 6964, Burns' R. S. 1894 (5119, R. S. 1881). *pp. 11–17.*

From the Dearborn Circuit Court.  *Affirmed.*

*G. M. Roberts* and *C. W. Stapp,* for appellant.

*Givan & Givan,* for appellee.

MONKS, J.—This action was brought by appellant against appellee to foreclose a mortgage on certain real estate in Dearborn county. Appellee's demurrer to the amended complaint was sustained, and appellant refusing to plead further, judgment was rendered in favor of appellee.

It is alleged in the amended complaint that appellee and her said husband executed a mortgage on certain real estate in this State, held and owned by them as tenants by entireties, and that by the terms and conditions of said mortgage they agreed to pay to appellant the sum of one thousand dollars, according to the terms and conditions of the constitution and by-laws of appellant; which said sum of one thousand dollars was, by and with the knowledge of the appellee, and for her use and benefit, borrowed from appellant, at the date of the mortgage, and for the purpose of, and was used in the erection of a dwelling house on the real estate covered by said mortgage; and all the money so borrowed was used for the improvement and betterment of the said real estate, and that said money was so loaned in consideration of the execution of said

mortgage and the agreement of appellee therein to pay the mortgage.

It is stated in the mortgage, which was executed in the state of Ohio, and which is made a part of the amended complaint, that appellant is a building association, organized under the laws of the state of Ohio, and that one Frank Lackey, husband of appellee, was a member of said association, the holder of two shares of stock therein, and he had received an advance from said association of the sum of one thousand dollars, the par value of said shares of stock; and it is provided that if said Frank Lackey would pay to said association, according to its constitution and by-laws, until the dues paid shall amount to the shares received in advance from said company, or until the dissolution of said company—(1), the sum of two dollars per week from the date of said mortgage; (2), the sum of one dollar and twenty cents per week from the date of the mortgage, the same being the interest on said sum of one thousand dollars, subject to such abatement as the constitution and by-laws provide; (3), the sum of four cents per week from the date of said mortgage, the same being the weekly premium on said shares; (4), all fines, assesments and penalties which the said Frank Lackey shall incur, and which may be levied upon him as a member of said company, and in accordance with its constitution and by-laws; (5), all rents, taxes, assessments and premiums, of insurance upon the mortgaged premises, in accordance with the constitution and by-laws of said company, then said instrument should be void.

And if default be made in any of the foregoing payments therein provided for, then all such payments shall be considered as due, and the mortgage might be foreclosed.

The by-laws, which are made a part of the amended

complaint, provide, among other things, that the right to have precedence in the payment of shares, shall be determined by auction, and the member bidding the highest weekly premium per share shall be awarded the first money, and he must furnish satisfactory security for the payment of his said premium and for the payment of his dues and interest on the advanced share or shares; until the sum paid in as dues shall amount to $500.00 per share, the interest shall be sixty cents per week, payable weekly, with an annual reduction of six cents per week. Such security shall consist of first mortgages upon real estate, free from all incumbrance. Whenever the ground alone shall not be sufficient security, the improvements must be insured and the policy of insurance assigned to the company. If a member fails to renew his fire policy at the proper time, and to transfer it to the society, and likewise to hand it over to the secretary, he shall be fined $2.00. Any member failing or neglecting to submit his security within one week after an advance is awarded him shall be assessed with a fine of one dollar, and every failure to pay dues shall render any member so delinquent liable to a fine of ten cents per share on each week's dues.

There is no promise on the part of appellee contained in the mortgage, or in the record, to pay appellant one thousand dollars, or any other sum, according to the terms and provisions of the by-laws as alleged in the amended complaint. It is expressly provided by statute that no mortgage shall be construed as implying a covenant for the payment of the sum intended to be secured, so as to enable the mortgagee, his assignees or representatives, to maintain an action for the recovery of such sum. Section 1100, Burns' R. S. 1894 (1087, R. S. 1881). The only promise to pay is that of Frank Lackey, the husband of appellee, and

he only agreed to pay his weekly dues on two shares of stock, and the interest each week on the par value of said two shares, and the weekly premium thereon, as well as all fines, assessments and penalties. This is the contract the performance of which is secured by the mortgage. The provision in regard to default in payment is not that the money advanced and interest shall become due and payable, but that the dues, interest, premiums, penalties, fines and assessments provided for shall be considered as due and the mortgage foreclosed.

It is well settled in this State that when the allegations in a pleading vary from the provisions of the instrument upon which it is founded the provisions of such instrument control, and such allegation will be disregarded. *Stengel* v. *Boyce,* 143 Ind. 642, 646, and authorities cited; *Reynolds* v. *Louisville, etc., R. W. Co.,* 143 Ind. 579, 621; *Avery* v. *Dougherty,* 102 Ind. 443, 445; *Hines* v. *Driver,* 100 Ind. 315, 317, and cases cited. So in this case, where the provisions of the mortgage and by-laws of appellant company differ from the allegations of the amended complaint such allegations must be disregarded.

It is clear, from the terms of the mortgage and the by-laws, that the business of the appellant was confined to its own members, and that said mortgage was not intended to secure, and did not secure, the repayment of the money advanced, but was only intended to secure the payment of the weekly dues, interest, premium, fines and assessments of Frank Lackey as a member of said association.

In *Eversmann, Rec.,* v. *Schmitt,* 53 Ohio St. 174, the supreme court of Ohio said, at page 185: "As before observed, borrowers and nonborrowers participate alike in the earnings of a building association. The difference between them is simply in the time at which

each class is paid the par value of his shares. A borrower before his stock is paid up, receives from the association the par value of his shares, in the nature of an advance loan. For this, he agrees to pay the premium, if any, for the privilege, the interest on the money advanced, subject to abatements to be made at stated times, and the dues on his stock until it matures. In other words, he agrees to keep up and pay out his stock, as if he were a nonborrower, in consideration of the amount being advanced to him before that time. Hence, the borrower remains a stockholder, and participates in all the privileges and benefits of a stockholder; has a voice in the management of the association and participates in its earnings. The latter go toward discharging his obligations arising on the loan, and to shorten the term in which he will be fully discharged therefrom. For, taking all losses into account, whenever the shares of the borrower have reached their par value by the payment of dues and the apportionment of earnings, the loan is liquidated and he ceases to be a member, as he would, if he had not borrowed at all. In other words, with his shares paid up, he discharges his obligations as a borrower. And the exact test of his right to call for a cancellation of the mortgage given to secure his obligations as a borrower, is the inquiry, whether he would have been entitled to receive from the association the par value of the shares on which the loan was made, had he not become a borrower."

In *Hagerman* v. *Ohio Building and Savings Association*, 25 Ohio St. 186, at page 205, the court said: "In these cases, an account upon the basis of the par value of the stock was not asked for; and it could not have been granted if it had been prayed for. * * * Nor can the amount of the loan advanced be made the basis of the account. The policy upon which these

organizations are founded, does not contemplate that a loan advanced to a member upon his stock will ever be called in. * * * The real transaction between the corporation and such member is equivalent to the redemption of his stock in advance; saving, however, to the member his right as a corporator, and to the corporation its rights to collect from him the stated dues, interest on the loan advanced, and such fines as may be lawfully assessed against him. Such being the true relation of the parties, and such their reasonable expectations, a court of equity, upon breach of the condition of defeasance, by failure to pay stated dues, interest on loan advanced, or fines assessed, will not state an account on the basis of the loan advanced; but will ascertain the amount of dues, interest, and fines due and unpaid, and will decree accordingly."

If said mortgage was only intended to secure and only attempts to secure the agreement and liability of Frank Lackey, appellee's husband, as a member, to to pay weekly dues, interest, premium, fines, and assessments, then no part of what is secured by said mortgage was ever expended upon the real estate described in the mortgage, or for its betterment, as alleged in the amended complaint.

It was held by this court in *Bartholomew* v. *Pierson*, 112 Ind. 430, and in other cases cited by appellant, that when the husband and wife gave a mortgage on land held by them as tenants by entireties to secure the repayment of money borrowed and used for the improvement of said real estate that the wife was a principal and not the surety of her husband. Appellant insists that under the law, as declared in said cases, the court erred in sustaining the demurrer to the amended complaint. But, in this case, as we have shown, the mortgage was not executed to secure the repayment of the money advanced to Frank Lackey,

a member of the appellant association, but to secure the payment of weekly dues, interest, premium, fines, and assessments of said member of the association. In an action against appellee's husband, if he were alive, to foreclose said mortgage, the recovery, if any, would not be for the money advanced on his shares of stock, but for the amount of weekly dues, due and unpaid on his stock, interest, premiums, fines, and assessments.

It is clear from the terms of the mortgage and by-laws, considered in connection with the allegations of the amended complaint, not controlled thereby, that said mortgage as to appellee was a contract of suretyship, and is therefore void, under the provisions of section 6964, Burns' R. S. 1894 (5119, R. S. 1881).

Judgment affirmed.