## INDIANA MUTUAL BUILDING AND LOAN ASSOCIATION v. PLANK ET AL.

[No. 18,422. Filed February 21, 1899.]

| 152 | 197 |
| 152 | 702 |
|---|---|
| 152 | 197 |
| 166 | 502 |

PLEADING.—*Exhibit.*—When the allegations of a pleading vary from the provisions of the instrument which is the foundation of the action, the provisions of the instrument control; but where the exhibit is not the foundation of the action it cannot be considered in determining the sufficiency of the pleading, but must be disregarded. *p. 198.*

SAME.—*Exhibit.—Mortgages.—Foreclosure.—Building and Loan Associations.*—A suit by a building and loan association to foreclose a mortgage and enforce a lien on the shares of stock assigned by the mortgagor in the note and mortgage as collateral security, is not an action on the certificate of stock within the meaning of section 365 Burns 1894, requiring a copy of the written instrument to be filed with the pleading, and such certificate filed with the complaint will be disregarded in determining the sufficiency of the complaint. *p. 199.*

From the Fulton Circuit Court. *Reversed.*

*McBride & Denny* and *Essick & Metzler*, for appellant.

*Holman & Stephenson*, for appellees.

MONKS, C. J.—This action was brought by appellant against appellees to recover judgment upon a note executed by them, to foreclose a mortgage executed by appellees to secure said note, and to enforce a lien on eleven shares of stock of appellant corporation pledged as collateral security to secure said note. A demurrer for want of facts was sustained to the complaint, and, appellant refusing to plead further, judgment was rendered in favor of appellees. The ruling of the court upon said demurrer is the only error assigned.

It is not claimed by appellees that the complaint, when considered in connection with the note and mortgage filed therewith as exhibits, is insufficient; they insist however that the provisions of said certificate of stock filed as an exhibit control the allegations in the complaint, and that when said certificate is considered in connection with the other exhibits as a part of the complaint it is not sufficient, and the court did not err in sustaining the demurrer thereto.

It is true, as insisted by appellees, that when the allegations of a pleading vary from the provisions of the instrument which is the foundation of the action, the provisions of said instrument control, and such allegations will be disregarded. *Harrison, etc., Co.,* v. *Lackey,* 149 Ind. 10, 14, and cases cited. If however an exhibit is filed with a pleading which is not the foundation thereof, the same cannot be considered in determining the sufficiency of such pleading, but must be disregarded. *Dudley* v. *Pigg,* 149 Ind. 363, 364, and cases cited; *Fitch* v. *Byall,* 149 Ind. 554, 557; *Gum-Elastic, etc., Co.* v. *Mexico, etc., Co.,* 140 Ind. 158, 160, 161, and cases cited; *Newman* v. *Ligonier, etc., Assn.,* 97 Ind. 295, 296, 297, and cases cited.

Copies of the note and mortgage sued upon were filed with the complaint as exhibits. It is provided in said notes that certificate number 1474 for eleven shares of the capital stock in appellant corporation, held and owned by appellee Mary B. Plank, are transferred and pledged to appellant as collateral security for said note and mortgage. A copy of said

certificate of stock is also filed with the complaint as an exhibit. It is alleged in the complaint that certificate number 1474 for eleven shares of stock of said association, held and owned by appellee Mary B. Plank, were transferred and pledged to appellant as collateral security to secure said note and mortgage. Said assignment was contained in the note. The complaint clearly identified the shares of stock against which it was sought to enforce the lien.

It is evident that this is not an action on the certificate of stock within the meaning of section 265 Burns 1894, section 362 Horner 1897, but an action on the note and mortgage and to enforce a lien against said shares of stock. The contract sought to be enforced as to the stock is the written assignment thereof as collateral security, which is contained in the note and mortgage. The shares of stock described in the written assignment are the security, just as the real estate described in the mortgage is the security provided by that instrument.

It follows that the court erred in sustaining the demurrer to the complaint. Judgment reversed, with instructions to overrule the demurrer to the complaint.