## THOMPSON *v.* RECHT ET AL.

[No. 19,817.   Filed April 8, 1902.]

PLEADING.—*Based on Written Instrument.—How Instrument Made Part of Pleading.*—In order to make a written instrument on which a pleading is founded a part of the pleading, under §365 Burns 1901, it is not necessary that the instrument or a copy be actually attached to the pleading.

From Lake Superior Court; *H. B. Tuthill,* Judge.

Action by Tonnes M. Thompson against Solomon Recht and others on attachment bonds. From a judgment for defendants, plaintiff appeals. Transferred from the Appellate Court, under §1337u Burns 1901. *Reversed.*

*Peter Crumpacker,* for appellant.

Monks, J.—This action was commenced by appellant against appellees before a justice of the peace on two bonds executed by the appellees in a proceeding in attachment brought by appellee Recht against appellant. Judgment was taken on said bonds before the justice of the peace, from which judgment appellees appealed to the court below, where the jury returned a verdict for appellees; and, over a motion for a new trial, the court rendered judgment against appellant. This appeal from said judgment was perfected before the taking effect of §§1337f, 1337h Burns 1901 (Acts 1901, §§6, 8, p. 566).

During the progress of the trial, the attachment bonds sued upon were offered in evidence, and excluded by the court on the ground that they were not a part of the complaint, because not attached thereto; that a contract sued upon can not be made a part of a complaint by being filed with it, but such contract must be attached thereto before it becomes a part thereof. While it may be the better practice, in order to prevent the loss of exhibits, actually to

fasten them to the pleading of which they are a part, we do not think the failure to do so renders the pleading insufficient on demurrer, or makes them any the less a part of the pleading with which they are filed.

The words of the statute do not require the written instrument upon which a pleading is founded, or a copy thereof, to be attached to such pleading; the word used is "filed." "When any pleading is founded on a written instrument or on account, the original, or a copy thereof, must be filed with the pleading." §365 Burns 1901; §362 R. S. 1881, and Horner 1901.

In *Wilson* v. *Vance,* 55 Ind. 584, the court after quoting said section, said on p. 588: "Thus, whenever a pleading is founded on a written instrument, the copy filed with the pleading, though not copied in the pleading, becomes a part of the pleading, because it becomes a part of the record."

In *Reed* v. *Broadbelt,* 68 Ind. 91, 92, this court said: "When, as in this case, reference is made to the copy of the note sued on as 'filed herewith,' or in equivalent words, and a copy of a note similar to the one described in the complaint is actually filed with the complaint, the copy of the note thus filed is sufficiently identified, and in that respect the complaint is sufficient. *Mercer* v. *Herbert,* 41 Ind. 459; *Friddle* v. *Crane,* 68 Ind. 583, 584, and cases cited." See, also, *Stafford* v. *Davidson,* 47 Ind. 319, 320, 321, and cases cited; *Brown* v. *State, ex rel.,* 44 Ind. 222; *Hiatt* v. *Goblt,* 18 Ind. 494; *Whitworth* v. *Malcomb,* 82 Ind. 454; *Northwestern, etc., Co.* v. *Hazelett,* 105 Ind. 212, 213, 214, 55 Am. Rep. 192; *McCormick, etc., Co.* v. *Glidden,* 94 Ind. 447, and cases cited; *Carper* v. *Kitt,* 71 Ind. 24, 26; *Dunkle* v. *Nichols,* 101 Ind. 473; *Sidener* v. *Davis,* 69 Ind. 336; 1 Works' Prac. (2nd ed.), §419.

The transcript of the proceedings before the justice of the peace, which was filed in the court below, and is a part of the record on this appeal, shows that a copy of each of said bonds was filed with the complaint before the justice of the

peace; and the transcript of the proceedings of the court below shows that said complaint, and the copies of said bonds filed therewith as exhibits, were filed by the justice of the peace with his transcript in the court below. Said complaint is copied in the transcript of the proceedings of the court below, and immediately following said complaint copies of the bonds which are the foundation of the complaint are copied into the transcript. The complaint describes said attachment bonds, and the action in which they were executed and filed, and makes them a part thereof by alleging as to each bond "a copy of which is filed herewith and made a part hereof." Under the authorities cited, this was all that was required to make the bonds a part of the complaint. It follows that the court erred in refusing to permit each of said bonds to be read in evidence.

Judgment reversed, with instructions to sustain appellant's motion for a new trial, and for further proceedings not inconsistent with this opinion.