# Simons v. The Kosciusko Building, Loan and Savings Association.

[No. 22,487.    Filed October 29, 1913.]

1. APPEAL. — *Presumptions.* — *Matters Shown by Record.* — *Complaint.—Exhibits.*—Where exhibits appear with the complaint in the record on appeal, it will be assumed that they were filed with the complaint.  p. 338.

2. PLEADING. — *Complaint.* — *Exhibits.* — *Designation.* — It is not necessary that instruments filed as exhibits to a complaint should be designated otherwise than as exhibits.  p. 338.

3. APPEAL.—*Review.*—*Harmless Error.*—*Parties.*—A complaint cannot be held insufficient as against the objection made on appeal that the word "Savings" was omitted from the name of the plaintiff building and loan association in the caption thereto, since the omission is one which might have been amended at any time under the provisions of §405 Burns 1908, §396 R. S. 1881, and it will be deemed to have been so amended.  p. 338.

4. PARTIES.—*Misnomer.*—*Cure of Error.*—*Complaint.—Exhibits.*— In an action by a building and loan association on a note and to foreclose a mortgage, the note, mortgage, articles of association and by-laws, filed with the complaint as exhibits, will control the caption of the complaint so as to render harmless a defect in the omission of a word from the plaintiff's name in such caption.  p. 338.

5. APPEAL.—*Assignment of Errors.*—*Sufficiency.*—*Names of Parties.*—*Jurisdiction.*—While the failure of the assignment of errors to contain the names of the parties to the judgment is cause for a dismissal, where the appellee, under a caption which omitted a word from its corporate name, signed an agreement to submit the cause and filed briefs on the merits without suggesting the point, the court has jurisdiction.  p. 339.

6. BUILDING AND LOAN ASSOCIATIONS.—*Foreclosure of Mortgage.— Complaint.—Exhibits.*—In a building and loan association's action on a note and mortgage, although its constitution and by-laws provided that one could become a borrower only by becoming the owner of stock and transferring such stock to the association as collateral security, it was not necessary to file copies of the certificates of stock issued to defendant as exhibits to the complaint, since they were not the foundation of the action, and especially in view of an allegation that they had become worthless by reason of defendant's failure to pay his monthly dues thereon.  p. 339.

7. APPEAL.—*Review.*—*Harmless Error.*—*Overruling Motion to Strike Out Part of Pleading.*—Error, if any, in overruling a motion to strike out parts of a pleading is not cause for reversal. p. 340.

8. BUILDING AND LOAN ASSOCIATIONS.—*Payment of Dues.*—*Maturity of Stock.*—It is the policy and plan of building and loan associations that the stipulated dues to be paid by nonborrowing members, and the dues and interest by borrowers, on the shares will by a certain time entitle the holders to the face value of their shares in the one case, and mature the stock and pay the loans of the borrowers in the other, and are to be paid until that event occurs. p. 343.

9. CONSTITUTIONAL LAW.—*Impairment of Obligation of Contract.*—The act of 1897 (Acts 1897 p. 284, §4131 Burns 1908), relating to withdrawals by members from building and loan associations, in so far as it impairs the obligation of a contract executed under a prior law, must be deemed invalid. p. 343.

10. BUILDING AND LOAN ASSOCIATIONS.—*Payment of Loans.*—*Construction of Mortgage.*—In the case of a loan by a building and loan association under the provisions of its constitution and by-laws, the mortgage is given to secure the payment of such a sum of money in accordance with the contract, the constitution and by-laws, in such manner that when the several payments, with other credits to which the borrower may become entitled, equal the amount of the loan and interest, the debt is *ipso facto* discharged. p. 344.

11. BUILDING AND LOAN ASSOCIATIONS.—*Actions.*—*Extent of Recovery.*—Where the by-laws of a building and loan association require the borrower to become the owner of stock in the association and assign same to the association as collateral, it being contemplated that when the payments on the stock, with other credits to which the borrower might become entitled, equal the amount of the loan and interest, the debt will *ipso facto* be discharged, such association is entitled to but one satisfaction in the transaction, so that it cannot, in an action on a note and mortgage executed by one of its borrowers, recover the amount of the debt and also the amount still due on the stock of the association. pp. 344, 345.

12. BUILDING AND LOAN ASSOCIATIONS.—*Payment of Loans.*—*Penalties.*—In an action by a building and loan association on a note and mortgage executed by one of its borrowers, the borrower is not entitled to credit for penalties paid upon his stock, since they are not credited to the member, but go into the general, or contingent fund for the benefit of all shareholders. p. 345.

13. APPEAL.—*Review.*—*Harmless Error.*—Where the by-laws and

constitution of a building and loan association, as well as the note and mortgage sued on, each contained the true name of the association, and were filed as exhibits to the complaint, any variance between the name of such association as shown by the evidence and the name as it appeared in the caption of the complaint will not cause a reversal. p. 347.

14. BUILDING AND LOAN ASSOCIATIONS.—*Actions.*—*Credit for Overpayments.*—*Pleading.*—In an action by a building and loan association on a note and mortgage executed by one of its borrowers, defendant cannot recover for an overpayment made in another series of the association's stock, in the absence of an appropriate pleading authorizing proof of such claim. p. 347.

From Kosciusko Circuit Court; *Francis E. Bowser,* Judge.

Action by The Kosciusko Building, Loan and Savings Association against William H. Simons and others. From a judgment for plaintiff, the defendant, William H. Simons, appeals. (Transferred from the Appellate Court under §1394 Burns 1908, Acts 1901 p. 565.) *Reversed.*

*Wood & Aiken, James W. Cook* and *Miller, Shirley, Miller & Thompson,* for appellant.

*L. W. Royse* and *J. H. Brubaker & Son,* for appellee.

MYERS, J.—Action by appellee against appellant and others, on a promissory note, and to foreclose a mortgage on real estate. An amended complaint was filed in which the word "Savings" was omitted from the caption. Copies of the note and mortgage, articles of association, constitution and by-laws in which the name properly appears, appear in the record immediately following the amended complaint, and are referred to therein as filed with and made parts thereof. One of the grounds of the insufficiency of the complaint here urged is that the amended complaint omits the word "Savings," and that the exhibits showing the note and mortgage made to, and the articles of association and by-laws are those of The Kosciusko Building, Loan and Savings Association, and that the real party in interest is not shown to be a party by the complaint, and no assignment is

alleged.    In the assignment of errors the word "Savings" is omitted, though the judgment is in favor of The Kosciusko Building, Loan and Savings Association.    There was an appearance and agreement to submit.    The failure to file copies of certificates of stock held as collateral to the loan, and the alleged failure to file the exhibits with the amended complaint are relied on as rendering the complaint insufficient on demurrer.

1. We must assume that the exhibits were filed with the amended complaint as they appear in the record with it.    *Blackburn* v. *Crowder* (1886), 108 Ind. 238, 9 N. E. 108; *Northwestern, etc., Ins. Co.* v. *Hazelett* (1886), 105 Ind. 212, 4 N. E. 582, 55 Am. Rep. 192; *Dunkle* v. *Nichols* (1885), 101 Ind. 473; *Friddle* v. *Crane* (1879), 68 Ind. 583.

2. It is not necessary that they should have been designated otherwise than as being filed as exhibits. *Firemen's Ins. Co.* v. *Finkelstein* (1905), 164 Ind. 376, 73 N. E. 814; *Thompson* v. *Recht* (1902), 158 Ind. 302, 63 N. E. 569; *Reed* v. *Broadbelt* (1879), 68 Ind. 91; *Wilson* v. *Vance* (1877), 55 Ind. 584.

3. If appellant's position be well taken as to the insufficiency of the complaint on account of the omission of the word "Savings," his appeal here should be dismissed, for the reason that he has omitted it from the assignment of errors, while the judgment is in favor of the Kosciusko Building, Loan and Savings Association.    Both positions are too narrow.    The omission was doubtless clerical in each instance, but in the circuit court it was a matter which might have been amended at any time, and it will be

4. so treated here, besides the note and mortgage, articles of association, and the constitution and by-laws will control the caption of the complaint.    *Stewart* v. *Knight & Jillson Co.* (1906), 166 Ind. 498, 76 N. E. 743; *Indiana, etc., Assn.* v. *Plank* (1899), 152 Ind. 197, 52 N. E. 991; *Brunson* v. *Henry* (1894), 140 Ind. 455, 39 N. E. 256;

*Bell* v. *Corbin* (1894), 136 Ind. 269, 36 N. E. 23; *Stanton* v. *Kenrick* (1893), 135 Ind. 382, 35 N. E. 19; §405 Burns 1908, §396 R. S. 1881.

As to the assignment of errors, the names of parties to judgments should not be set out, and a timely motion might have had the effect of a dismissal here, or the court

5. might act on its own motion, but for the fact that appellee under a caption which omitted the word "Savings," before the record was filed, signed an agreement to submit the cause and has filed briefs on the merits, without suggestion of the point.    More latitude as to the name in suing or being sued is indulged as to corporations than individuals.    Where the parties appear to an action against a corporation sued under a wrong name, and contest on the merits, it is sufficient to give the court jurisdiction.    Angell & Ames, Corporations §§100, 101, 645-652.

Complaint is made as to the failure to file copies of the certificates of stock claimed to have been assigned, and held by appellee as collateral security.    The constitution

6. and by-laws required that one could only become a borrower by becoming the owner of stock, and that upon a loan being made the stock should be transferred to, and held as collateral by the association, and it is alleged in the complaint that such certificates with their assignments are filed with and made parts of the amended complaint, and they do not appear in the record, but it is alleged that appellant neglected and failed to pay the monthly dues on his stock and that the shares are now of no value.    The action was not based on the certificates of stock and copies of them, and the assignments were not necessary to be filed with the complaint, especially in view of the allegation of their being of no value, and will be disregarded.    *Indiana, etc., Assn.* v. *Plank, supra; Stewart* v. *Knight & Jillson Co., supra; Coppes* v. *Union, etc., Loan Assn.* (1904), 33 Ind. App. 367, 69 N. E. 702.

Exceptions were reserved to the conclusions of law upon

the facts found by the court upon proper request.    It is found that in January, 1893, appellant held two thousand dollars in stock of appellee in each of two series of the association.    On that day he was awarded under the constitution and by-laws a loan of $2,000 in each series; he was at the time a director in the association.    In one series he elected to have the premium bid by him, $350, deducted from the amount of the loan, and in the other series $470, and received that much less money in the respective series. He executed promissory notes of the same date, in ordinary form, bearing interest at the rate of six per cent, payable monthly, one payable July 1, 1900, and the other July 1, 1902, the maturity of the notes being fixed as of the estimated time of maturity of the stock in the respective series. Concurrently with the execution of the notes he executed a mortgage on real estate in the usual form of mortgages to secure ordinary loans, describing the notes as bearing interest at six per cent payable monthly, and containing an express promise to pay the loan; that he had paid on one series of stock thirty months, $300, and on the other six months, $60, and he also assigned the shares to the association as collateral security.    The monthly dues on each share was $1, and after the loan the shareholder was to pay interest at six per cent per annum in monthly installments; that appellant at the time the loan was made knew that the loan was being made under the by-laws of the association.    Thereafter he paid dues and interest regularly from January, 1893, to January, 1894, and thereafter paid interest, dues and penalties, not with monthly regularity, but by January, 1905, he had fully paid up the loan in the fourth series and his obligation was cancelled.

There was a motion to strike out those parts of the complaint which seek, by allegation, to read into the note and mortgage the provisions of the constitution and by-laws as being a loan made under them.    The error, if any, in overruling a motion to strike out parts of a

pleading does not constitute reversible error. *Harter* v. *Songer* (1894), 138 Ind. 161, 37 N. E. 595; *Boruff* v. *Hudson* (1894), 138 Ind. 280, 37 N. E. 786; *Aetna Life Ins. Co.* v. *Deming* (1890), 123 Ind. 384, 24 N. E. 86, 24 N. E. 375; *Colglazier* v. *Colglazier* (1889), 117 Ind. 460, 20 N. E. 490.

The real question in the case is as to the amount of the recovery. The finding of the court as to the fifth series is stated as follows:

Arrears on dues on said stock in said fifth series
to commencement of suit.....................$1,310.00
Interest on loan ..........................   842.36
Penalties on stock ........................   192.00

$2,344.36

In addition thereto there is due $2,000.00 and in-
terest to date, December, 1909...............  2,420.00

Total ...................................$4,764.36
Said ten shares of stock were worth at commence-
ment of suit...............................  1,936.95

Leaving balance .........................$2,825.41

To which $120 attorneys' fees were added, and judgment rendered for $2,945.41. It is elsewhere found that appellant made payments at different intervals from January, 1893, to January, 1895, on account of dues, $300; on account of interest, $300; on account of penalties, $100. Other payments are found to have been made on account of interest on the note sued on as follows: July 1, 1898, $100; March 23, 1901, $100; January 17, 1905, $267.64; totaling $467.64.

The provisions of the act of 1885 (Acts 1885 p. 81, §4110 Burns 1908), applying to withdrawing stockholders, entitles the withdrawer "to receive the amount paid in upon the stock to be withdrawn, less all fines and charges there-

on  *  *  *  when the withdrawal occurs after the expiration of one year from the beginning of the series  *  *  * he shall receive in addition to the amount paid in, less fines and other charges as aforesaid, at least legal interest on each instalment paid from the date at which the same was payable'' (paid).    By §6 of the act (Acts 1885 p. 81, §4112 Burns 1908) in case of a borrower in default for three months, payment of ''principal, interest unpaid, premiums, if any, and fines, without deducting premiums of interest paid, may be enforced,'' etc.    By §7 of the act (Acts 1885 p. 81, §4113 Burns 1908), a borrower not in arrears may withdraw, in which event he must pay ''the full face amount of the principal of his loan.''    By §12 of the act (Acts 1885 p. 81, §4118 Burns 1908), power is given such associations to provide for the ''forfeiture of all rights and immunities'' of shareholders, and in case of borrowers to ''work a forfeiture of all his rights and immunities and the whole sum loaned to him by the association shall at its option become immediately due and payable and may be collected together with all fines, instalments of dues, interest, and premium, if any, then unpaid.''    The by-laws of appellee provide for forfeiture after three months' delinquency under these sections.    These sections are possibly repealed by the act of 1897 (Acts 1897 p. 284, §4131 Burns 1908), providing for withdrawals by borrowing and nonborrowing members, where it is provided that they ''shall be entitled to the amount paid in on dues and all declared dividends thereon, and such part of the profits as shall not have been carried to the reserve, or contingent fund, less all fines and forfeitures. *  *  *    After the payment of all fines and other amounts due the association the remainder, if any, shall be credited to such stockholder,  *  *  *  or in case he is a borrower, such remainder shall be credited on his loan and the balance of said loan shall be due and payable and may be collected at once on foreclosure.''    We cite these statutes for the purpose of calling attention to the declared policy of the legis-

lature on the subject, irrespective of whether they were all in force and applicable, during the time of the transaction before us, as to which we express no opinion.

It will thus be seen that no distinction in effect is made, in casting the account, between borrowing and nonborrowing members. The policy and plan of building associations is, that the stipulated dues to be paid by nonborrowers, and the dues and interest by borrowers, on the shares will by a certain time entitle the holders to the face value of their shares in one case, and mature the stock and pay the loans of the borrowers in the other, and are to be paid until that event shall occur, and the mortgage is given to secure that result. *Harrison Bldg., etc., Co.* v. *Lackey* (1897), 149 Ind. 10, 48 N. E. 254; *International Bldg., etc., Assn.* v. *Wall* (1899), 153 Ind. 554, 55 N. E. 431; *Marion Trust Co.* v. *Trustees* (1889), 153 Ind. 96, 54 N. E. 444; *Miller* v. *Wayne, etc., Loan Assn.* (1904), 32 Ind. App. 480, 70 N E. 180; *Wayne, etc., Loan Assn.* v. *Skelton* (1901), 27 Ind. App. 624, 61 N. E. 951; *Union Mut., etc., Assn.* v. *Aichele* (1901), 28 Ind. App. 69, 61 N. E. 11; *Plank* v. *Indiana Mut., etc., Assn.* (1902), 28 Ind. App. 259, 66 N. E. 252. Manifestly this loan was taken with that understanding, and the parties by their acts have put that practical construction upon it, and acted upon it, so far at least as to show the transaction in its true light. *Lurton* v. *Jacksonville Loan, etc., Assn.* (1900), 187 Ill. 141, 58 N. E. 218.

It was held in *Marion Trust Co.* v. *Trustees, supra,* in case of an insolvent association, that a borrower must pay the amount loaned him with interest, at the rate fixed by law in the absence of contract, but that he is entitled to credit for the interest and premium payments made, calculated as partial payments, and in *International Bldg., etc., Assn.* v. *Wall, supra,* it was held as to repayments of loans, that the provisions for apportioning premiums, only applies in case of premiums paid in gross, or when the borrower has paid all, or more than a propor-

tional part of the premium, and these were the constructions placed on the act in force when the contract was made, and if the act of 1897 (Acts 1897 p. 284, §4131 Burns 1908) impairs the obligation of the contract as to either party, it will be deemed thus far invalid. No forfeiture has been sought in this case, so that feature of the statute and by-laws is here immaterial.

Appellant was a borrower in arrears. On the part of appellee it is claimed to be a loan under the provisions of the constitution and by-laws, while the contention of appellant is, that whether it be so regarded, or treated as an ordinary loan, the amount awarded is excessive. If it is treated as appellee claims, then the mortgage was given to secure the payment of such a sum of money made in accordance with the contract, the constitution and by-laws, that when they, with the other credits to which appellant might be entitled would equal the amount of the loan and interest, the debt would *ipso facto* be discharged, or if there was a failure to pay, as provided, then to secure the payment of such a sum of money, less the proper credits, as will equal the amount which should have been paid. *Harrison Bldg., etc., Co.* v. *Lackey, supra,* and cases cited.

It is difficult, if not impossible, to determine on what basis the findings and conclusions of the court are made. In any event, it is certain that there cannot be placed on the debtor side of the account both the amount of dues in arrears, penalties and interest on the loan, and also the amount of the loan. It is found that the arrears on dues amount to $1,310. By calculation it is discovered that this is the sum remaining as dues for the entire period up to the commencement of the action, July 20, 1906, less the payment made on dues; and also that the sum of $842.36 is the balance due on account of interest on the loan of $2,000 for the same period, less the payments made on account of interest. The penalties are not entitled to be credited to

appellant, for they go to the general or contingent fund, for distribution among all shareholders, less the expenses. It is thus apparent that the items $1,310 and $842.36 are the balances which appellant should have paid as dues, and the amount which should have been paid as interest, to mature the shares at the commencement of the action, for the patent reason that calculating interest on the loan for the whole time, and giving the credits as found by the court, and shown by the evidence, there was only $842.36 interest due on the loan. After adding the arrears of dues, and the interest necessary to mature the shares, both the principal and $420 interest on that sum from the commencement of the action are added. Upon what basis the value of the ten shares is found the evidence does not disclose. It is of course true that their value is not wholly dependent upon the amount paid as dues, by appellant, only $300 as found, and the arrears $1,310, for he is entitled to dividends, and perhaps other credits which might with the sums found to have been paid by him, amount to $1,936.95. It may be true that it was on the basis that the amounts found to be due would, if paid, render the stock of the value found. It is fair to assume that in charging appellant with the amount in arrears, the court sought to do exact and equal justice by crediting him with the payments made, and all other proper credits, and the credit due him in being thus charged with arrears in dues, by crediting him with the value of the shares, as if he had paid according to his agreement. Put in a different form, if the account were cast by charging appellant with the principal of $2,000 and interest, $1,610, to the commencement of the action, less gross credits for dues, penalties, fines and interest paid of $1,167, saying nothing about the value of the stock, appellant's debit up to the commencement of the action would be $2,443. On the other hand, if the account is cast by adding the amount found in arrears as dues, $1,310, and the amount found due as interest, $842.36, we have

$2,152.36. This takes no account of the amounts found to have been paid as interest and dues, but only the ultimate fact of the amount due. Whichever of the two bases of calculation is taken, the other must be discarded, for they cannot be taken in combination, for the reason that one is a simple calculation of interest and payments, and the other is the deduction of facts showing the amount necessary to mature the shares on the basis of the constitution and by-laws. In order to discharge appellant's obligation, and that seems to be the theory of the complaint, but to combine the two bases of calculation is to involve the principal twice in the calculation, and as we understand the finding, this was what was done. In other words, there can be no recovery of principal in addition to the arrears of interest and dues necessary to mature the shares. The facts disclosed are rather meagre, and very unsatisfactory, and we may not apprehend the situation, and it is not strange with such a meagre presentation of facts that the court was misled. Appellee's theory was that of treating the transaction as a loan under the constitution and by-laws, hence the principal of the loan is immaterial in the consideration, except as it furnishes the basis for determining the amount of dues, interest and other credits necessary to mature the stock, and when that is found, and a recovery given for it, as it is here, the principal is in effect discharged and cannot again be taken as a debit. If straight interest is calculated on the principal, we have $2,030 deducting partial payments in gross, and not as paid, $1,167.60, we have to date of judgment, principal $2,000, interest $703.40, total $2,703.40. But in that calculation no note is taken of the value of the stock, which is found to be $1,936.95, and as no penalty could be added on the basis of a straight loan, it is manifest that that basis was not used, in addition to the fact that a premium of $470 was deducted from the money loaned, which, if not loaned under the association laws, would probably be usury.

If the calculation is made on the other basis, we have

found arrearages of dues $1,310, arrearages of interest $842.36, penalties $192, not including interest on the difference between the dues and interest found, and the value of the shares as found, $1,936.95, so it is plain that the latter basis was sought to be followed, but the error lies in debiting the principal, and also full interest, in addition to finding the amounts necessary to mature the stock, so that from no point of view, and on no basis presented, can the judgment be upheld, for if the amounts found are the amounts of dues and interest necessary to mature the stock, then to that extent one offsets the other, but the judgment cancels the stock, and appellant under the computation as cast, owes a large sum of money with no standing on his stock.

Other questions are presented as to the admissibility of evidence, on account of variance, owing to the omission of the word "Savings" in the caption of the amended

13. complaint, when the exhibits embraced that name. There was no reversible error in this. *M. S. Huey Co.* v. *Johnston* (1905), 164 Ind. 489, 73 N. E. 996, and cases cited.

Appellant complains of not being given credit on account of overpayment made in series 4, but he has no pleading to authorize proof of that claim. The two series

14. were involved with each other in some respects by reason of the manner in which payments were made, and there is some confusion in the evidence on the subject, but the 4th series is conceded to have been closed out, save for some minor obligations, and must be so regarded, unless by proper pleading that matter is opened for review.

Justice requires that the judgment be reversed and a new trial granted, and it is so ordered.

NOTE.—Reported in 103 N. E. 2. See, also, under (1) 3 Cyc. 291; (2) 31 Cyc. 558; (3) 3 Cyc. 444; 31 Cyc. 98; (4) 31 Cyc. 561; (5) 2 Cyc. 985, 1006; (6) 31 Cyc. 556; (7) 31 Cyc. 669; (8) 6 Cyc. 136, 153; (9) 8 Cyc. 986, 991; (10, 11) 6 Cyc. 153; (12) 6 Cyc. 154; (13) 31 Cyc. 710; (14) 6 Cyc. 157. As to history and pur-

pose of building and loan association, see 69 Am. Dec. 158. As to effect of insolvency of such association upon the rights and liabilities of members, see 61 Am. St. 24.