## City of Evansville *v.* Senhenn.

[No. 3,414.   Filed March 8, 1901.]

Law of Case.—*Instructions.*—Instructions approved on appeal become the law of the case, and are binding upon the court in a subsequent appeal.  *pp. 364, 365.*

Trial.—*Instructions.*—It is not error to refuse an offered instruction, where the instruction is covered by instructions given by the court on its own motion.  *pp. 365, 366.*

Negligence.—*Municipal Corporations.—Obstruction of Streets.—Notice.*—In an action against a city for injuries to a child caused by lumber piled in the street falling upon it, the question whether the lumber had been in the street a sufficient length of time for the city to have had notice thereof by the use of reasonable diligence was for the determination of the jury.  *pp. 367, 368.*

From the Warrick Circuit Court.  *Affirmed.*

*D. C. Givens* and *G. A. Cunningham,* for appellant.

*J. E. Williamson* and *C. Armstrong,* for appellee.

Comstock, J.—The complaint is in two paragraphs. The first alleges that in August, 1874, when appellee was four years old, she and other children were in the habit of walking on the pavement on Sixth street between Bond and Ingle streets in the city of Evansville; that the city negligently and carelessly piled in the street and suffered to remain from two to five days a lot of heavy lumber (describing it) such as the city used for street crossings and curbing for sidewalks.  That while appellee was standing near by said lumber witnessing other children playing on the same, without negligence on her part, the lumber fell over on her causing the injury complained of.

The second paragraph alleges that the city negligently and carelessly caused or suffered said street to become and remain obstructed by said pile of lumber; that the lumber had been hauled in wagons and was negligently and carelessly piled so that it was liable to fall over on the sidewalk; that the lumber had been suffered to remain in the

street a period of thirty days, of which the city had notice; and that she was injured as set out in the first paragraph.

The city answered in six paragraphs. The first is a general denial; the second sets up an ordinance of the city making it lawful to occupy for a reasonable length of time a part of the street with lumber to be used in the erection of a building. It alleges that the material mentioned in the complaint was deposited in the street for that purpose; that the city had no notice of the fact that the same was in the street, and no notice that the same was stacked or piled in an improper or dangerous manner.

The third paragraph sets up the same ordinance as the second, and alleges that the lumber mentioned in the complaint was placed in the street, under said ordinance, to be used in the erection or repair of a building; that the same was placed in a safe and suitable manner, but that appellee and others were playing on the lumber, and without any fault or negligence on the part of the city caused the same to fall over on the appellee, thereby causing the injuries complained of.

The fourth paragraph alleges that the appellee and other children were playing on the lumber, and without any fault or negligence on the part of the city caused the same to fall on appellee, thereby causing the injuries complained of. The sixth paragraph sets up the statute of limitations.

The cause was put at issue by reply in general denial. The trial resulted in a general verdict for the appellee for the sum of $2,500, and a judgment in her favor for that amount.

Appellant assigns as error the action of the court in overruling its motion for a new trial. The causes assigned in the motion for a new trial are that the verdict of the jury is not sustained by sufficient evidence; that the verdict of the jury is contrary to law; and that the court erred in giving and the refusal to give to the jury certain instructions.

The present is the third appeal of this cause. The former

appeals were to the Supreme Court. The first is reported. as *Senhenn* v. *City of Evansville,* 140 Ind. 675; the second as *City of Evansville* v. *Senhenn,* 151 Ind. 42. Upon the first appeal the judgment was reversed for error in giving, and upon the second for error in refusing certain instructions. The issues have remained unchanged.

Instructions numbered respectively, eleven, twelve, thirteen, fourteen, twenty-two, twenty-three, and twenty-four given to the jury are each excepted to by appellant. An examination of the record in *City of Evansville* v. *Senhenn, supra,* discloses the fact that each of these instructions was given and excepted to in the second trial and the ruling of the trial court duly presented thereon to the Supreme Court upon appeal. In the opinion they are referred to in the following language: "The giving and refusing of other instructions are complained of, but what we have already said covers about all the vital questions involved in such other instructions." We may therefore reasonably conclude from this expression that the court saw nothing prejudicial to the appellant in the instructions now again questioned, but which were not by number mentioned in that opinion. The questions raised and expressly passed upon by the court were presented by the refusal to give instructions numbered thirteen, seven, and twelve (adopting the order in which they are given in the opinion), the court holding that the negligence of the parents of an infant of tender years can not be imputed to the child as contributory negligence of the child in an action by the child for damages caused by the negligence of the defendant; and that the municipal corporation is not liable for damages resulting from the negligence of a contractor supplying such corporation with lumber, or the negligent acts of a builder in placing lumber in a public street, unless it had notice expressed or implied of such negligent acts.

We quote from the opinion in *Senhenn* v. *City of Evansville, supra:* "Neither is it true absolutely that a city or

one of its officials or contractors can occupy the public
streets for the storage of lumber or other material to be used
in the repair of streets. The city should have its lumber or
storage yard for such purpose, and only such material as
may be needed for the repair of any particular street should
be brought there, not to be piled up in the street, but to be
put into the street where needed. Even then, the work should
be properly guarded, and, if need be, the street itself should
be closed to public travel until the repairs are made. It
appears to us that the instructions given to the jury, when
taken together, were calculated to leave the erroneous im-
pression that the city might place or suffer any obstruction
on its streets, provided it did not know such obstruction to
be actually dangerous to public travel, and that therefore
there was no negligence in this case in suffering the lumber
to be placed upon the street, unless the city had notice that
it was piled there in a dangerous manner. The piling of
the lumber in a dangerous manner was, however, but an
aggravation of the original wrong in suffering it to be placed
upon the street in the first place. There was negligence,
*prima facie,* in suffering the lumber to be piled upon the
street; there was additional negligence in suffering it to be
piled there in a careless and dangerous manner. If there
was any sufficient reason why the lumber was rightfully in
the street, that was for the appellee, city, to show. The pre-
sumption is that an obstruction in the public highway is
there wrongfully."

The law as announced in the former appeals is the law
of the case. The instructions complained of are in harmony
with the opinions in the former appeals.

Instructions three, eight, thirteen, fourteen, sixteen,
twenty, twenty-one and twenty-three of those requested by
the appellant were refused and exceptions duly taken. Said
third instruction is as follows: "In order to entitle the
plaintiff to recover on the first paragraph of her complaint,
the jury must find (1) that the lumber was placed in the

street by the direct act, order, or authority of the defendant, acting through some duly authorized officer, agent, or employe, and not through an independent contractor; (2) that such officer, agent, or employe piled the same in a negligent manner, and (3) that the injury complained of was caused by the negligent act of the defendant." Said instruction is covered by instructions two and three given by the court.

Instruction number eight is in the following language: "In determining what length of time is necessary to charge a city with notice of a dangerous defect on the streets depends on the circumstances of each case. If the defect is such as to be readily seen, it will require less time than where it can only be discovered by a close examination. (It cannot be expected that municipal authorities with their multiplied duties can or will act with the celerity and promptness of individuals in conducting their private affairs. The city by its officers and agents is not hourly and daily traversing all its various public streets, and therefore is not presumed to have notice until it has either been brought home to it or a sufficient length of time has elapsed in which it should learn the facts.") Instruction eighteen given by the court literally gives part of this instruction not included in parenthesis as above shown. There was no error in omitting that portion of this instruction. It merely undertook to state the relative promptness and celerity with which the business of individuals and municipal corporations is conducted.

Instruction thirteen was given as instruction numbered nineteen. The instructions fourteen and sixteen are substantially covered by instructions numbered twenty-nine and thirty given. Instruction twenty is as follows: "You are instructed that if the lumber mentioned in the evidence was not piled or placed in the street by some person or persons for building purposes, and at the time the injury occurred the lumber had been in said street only from two to four days, then as a matter of law the defendant did not

have constructive notice of the fact that the lumber was in the street." The instruction was properly refused. It was for the jury upon all the evidence to determine whether the lumber had been in the street a sufficient length of time for the city to have had notice by the use of reasonable diligence, and the jury were, in the instructions given, substantially so instructed.

In instruction twenty-one appellant asked the court to instruct the jury that the mere fact that there was a pile of lumber in the street did not as a matter of law require of the city to keep a guard over the same, nor to barricade or close the street unless the lumber rendered the street unsafe for ordinary travel or traffic; that the city was required to exercise only ordinary care.

In the twenty-third instruction the court was asked to instruct the jury that the city owed to the plaintiff the care and diligence that an ordinarily prudent person would have exercised under the circumstances; that it was not required to keep a constant guard over the lumber to keep children from playing thereon. If it was reasonably diligent in the performance of its duties concerning the same, then it was not liable.

It was the duty of the court to instruct the jury as to the diligence required of the city to avoid liability. In doing this, is was not limited to any particular form of words. In the course of the instructions given the jury were told "that the law does not require a city to respond in damages for every injury that may be received on a public street. * * * Its duty, generally stated, is only to use due and proper care to see that its streets and sidewalks are reasonably safe for persons exercising ordinary care and prudence"; they were told that the mere fact that there was a pile of lumber on the street, and that the plaintiff was injured by the same falling on her, did not entitle her to recover, but that the negligence of the city must also be proved by a preponderance of the evidence; that if the city exercised rea-

sonable care concerning the same it would not be liable. They were also instructed that if the defendant's alleged negligence furnished the cause of the injury, the defendant would be liable therefor if such result could have been reasonably anticipated as the natural and probable result of the defendant's alleged acts. Conceding, without deciding, that it would have been proper for the trial court to have given instructions twenty-one and twenty-three as requested, yet, in view of all the instructions given, it was not reversible error to refuse them.

As to the remaining reasons for a new trial, it is sufficient to say there was evidence to sustain the verdict. It is earnestly contended by counsel for appellee that the evidence is not properly in the record; but, without passing upon that question, we have treated it as properly before this court.

We find no error for which the judgment should be reversed. Judgment affirmed.