# COPPES ET AL. v. UNION NATIONAL SAVINGS & LOAN ASSOCIATION.

[No. 4,424. Filed January 28, 1904. Rehearing denied March 30, 1904. Transfer denied June 23, 1904.]

APPEAL AND ERROR.—*Cross-Complaint.*—The sufficiency of a cross-complaint may be tested for the first time on appeal. *p. 368.*

PLEADING.—*Exhibits.—Building and Loan Associations.—Mortgages.—Foreclosure.—Stock Certificate.*—Where in an action against a building and loan association to obtain the satisfaction of a mortgage the defendant filed a cross-complaint seeking to recover a balance alleged to be due, the cross-complaint was not bad for failure to set out the stock certificate pledged by the borrowing member as security for the loan. *p. 368.*

SAME.—*Exhibits.—Appeal and Error.*—The failure to file with the complaint or cross-complaint a copy of the contract on which the action is based is a defect which is cured by the verdict or finding, and such defect can not be reached for the first time by an assignment of error on appeal. *p. 368.*

EVIDENCE.—*Corporations.—Sworn Copy of Record.—Building and Loan Associations.—Affidavit of Secretary as to Account of Mortgagor.*—Section 474 Burns 1901, providing that the acts and proceedings of corporations may be proved by a sworn copy of the record of such acts and proceedings, does not authorize the admission in evidence of the affidavit of the secretary of a building and loan association, in an action to foreclose a mortgage, showing the state of the account of the mortgagor. *pp. 373, 374.*

From Elkhart Circuit Court; *Joseph D. Ferrall,* Judge.

Action by Samuel D. Coppes and others against the Union National Savings & Loan Association of Indianapolis. From a judgment for defendant, plaintiffs appeal. *Reversed.*

*J. S. Dodge* and *J. S. Dodge, Jr.,* for appellants.
*R. W. McBride* and *C. S. Denny,* for appellee.

BLACK, J.—The complaint of the appellants contained two paragraphs. In the first they sought to have their mortgage to the appellee on certain real estate declared satisfied, and to have satisfaction entered on the record thereof; it being alleged that they had fully paid and satisfied their

promissory note for $6,000 secured thereby, and that the appellee, having been requested to enter satisfaction, had refused to do so; the note and mortgage having been executed October 29, 1894. In the second paragraph it was sought to recover a penalty for the refusal to enter satisfaction, and to recover attorney's fees, and to obtain an order for the entry of satisfaction. The appellee answered by a denial, and filed a cross-complaint against appellants and others for the recovery of the balance due the appellee, and the foreclosure of the mortgage.

The appellant has assigned as error that the cross-complaint does not state facts sufficient to constitute a cause of action. The sufficiency of a cross-complaint, as well as that of a complaint, may be thus tested for the first time on appeal. *Loeb* v. *Tinkler,* 124 Ind. 331; Elliott, App. Proc., §478; Ewbank's Manual, §38.

The only objection suggested to the cross-complaint is that the certificate of stock in the association, pledged by the borrowing members as security for the loan from the association evidenced by the note and mortgage, was not set out in the pleading, or exhibited with it. The stock certificate was not the basis, in whole or in part, of the cause of action, being a collateral security for the payment of the loan, and it would not have served any useful purpose to set it out or to make it an exhibit. *Indiana, etc., Assn.* v. *Plank,* 152 Ind. 197.

Furthermore, the want of a copy even of a written contract on which the action is founded is a defect in the complaint or cross-complaint based thereon, which is cured by the verdict or the finding of the court, the writing being deemed to have been supplied by the evidence; and such defect can not be reached for the first time by an assignment of error on appeal. *Owen School Tp.* v. *Hay,* 107 Ind. 351; *Cummings* v. *Girton,* 19 Ind. App. 248; *Fidelity, etc., Assn.* v. *McDaniel,* 25 Ind. App. 608; *State Bldg., etc., Assn.* v. *Brackin,* 27 Ind. App. 677.

The court trying the cause found in favor of the appellee in the sum of $2,651.40, and rendered judgment accordingly, foreclosing the mortgage. A motion of the appellants for a new trial was overruled. The note, by its terms, provided that it should be "payable when the stock we own in said association, on account of which the loan is made, matures, * * * and until said stock does mature we agree to pay the appellee the sum of $97.40 per month, payable on or before the last Saturday of each and every month, the said sum being interest and dues in accordance with the by-laws of said association." It was shown on the trial that at the date of the execution of the mortgage the appellants paid the appellee the sum of $135, called "three months advance dues of $45 each." It was also shown that the appellants had paid the appellee, before the commencement of this suit, $75 and all monthly payments of $97.40 each, on account of the note and mortgage, and had paid all insurance and taxes under the terms of the mortgage and by-laws, and had paid the appellee all moneys that had been demanded of them by the appellee on or before December 29, 1900, which the appellants were notified by the appellee to pay on or before that date, and that the appellants had paid nothing on account of the loan since that date. The appellants paid the appellee $60 as membership fee, and received from the appellee $6,000.

The stock certificate was for sixty shares, the "monthly payments" thereby provided for being seventy-five cents on each share, which the holder agreed to pay each month until the maturity of the stock; it being provided therein that upon performance of its conditions the appellee should pay the holder, his heirs, etc., $100 for each share, "whenever the amount in the loan fund to the credit of any shares from monthly payments and profits equals $100." The appellants made no payments on the loan except the monthly payments of $97.40, outside of the membership fee and the three months' dues in advance.

In the by-laws it was provided that no member could be entitled to file an application for a loan until he or she had paid, or caused to be paid, three monthly instalments. Section three of article eighteen of the by-laws was as follows: "To ascertain the amount of dues payable by a shareholder when he becomes a borrower, deduct the admission fee and three months' dues, paid in advance, from the amount borrowed, and divide the result into seventy-five equal monthly payments, with interest at the rate of four per cent. per annum." It was provided in the by-laws that any person might become a member of the association and subscribe for shares by making application subject to the by-laws, and paying a membership fee of $1 per share. "Monthly payments, or instalments, are seventy-five cents on each $100 share." "Members shall be required to pay seventy-five cents per month on each share, and when the amount in the loan fund to the credit of any share (from monthly payments and profits) equals $100, such shares shall be fully matured, and no more monthly payments shall be required; the member can then withdraw the same and receive $100 therefor. When a loan is repaid before maturity, the borrower may continue his stock as an investment or he may withdraw it at his option. The board of directors, on the first Saturday in January and the first Saturday in July of each year, shall declare such dividends to depositors as may accrue from the earnings of the association. The dividends so declared shall be divided amongst the depositors pro rata in proportion to the amount paid by each member as dues on his stock. The amount of dues at the time the preceding dividends were declared shall be the basis of the calculation. Persons subscribing for stock between the last Saturday in January and the last Saturday in June shall be credited with dividends thereon in the following January, and persons subscribing between the last Saturday in July and the last Saturday in December shall be credited with the divi-

dends in the following July." It was also provided in the by-laws that the receipts of the association should be divided; one part, consisting of one-tenth of one per cent. per month on the par value of each share and the membership and transfer fees, being the expense fund, while all other receipts constituted the loan fund. The appellants became members of the association for the purpose of becoming borrowers, and the stock certificate and the mortgage were parts of one transaction.

The court did not err, we think, in excluding the testimony, offered by the appellants, of one Mellinger, who is one of the appellants, and who at the time of the issuing of the stock and the making of the loan was the local agent of the appellee; the appellants offering to prove by him that he stated to the other appellants that the appellee did not charge any premium upon its loans, or any expense fund, but that their payments were all provided for by section three of article eighteen of the by-laws. The appellants had not asked the witness a question adapted, by its form, to bring from him such testimony. There was no issue of fraud or mistake, and the written contract could not be varied or contradicted or construed by reference to a statement of its supposed meaning made by one of the borrowing members to his associates in the procurement of the loan, though he was also a local agent of the appellee. It was for the court to construe the contract as a whole, taking into consideration the nature of the transaction, and comparing all the writings executed by the parties and the by-laws referred to therein.

At the time when the stock was taken, and the appellants became members of the association, and the loan was made to them, they paid, not merely the membership fees of $60, but also the sum of $135, called three months' dues paid in advance; and they also paid the monthly instalments of $97.40 each, which amount they were to continue to pay monthly, and they did so continue to pay monthly until

December 29, 1900. These sums were spoken of in the note as being "interest and dues," and were referred to as "monthly instalments." The amount of the monthly instalment to be paid by the borrowing member was ascertained in the mode prescribed by section three of article eighteen of the by-laws, above quoted. The principal matter of dispute relates to the construction and application of this section. We are inclined to agree with the view of this matter which seems to have been taken by the court below. The nature of the transaction, as a loan made by a building and loan association to one of its stockholders, is to be kept in view. The word "premium" is not to be found in any of the writings in the case. The amount of the monthly stock dues of non-borrowing members is plainly shown to be seventy-five cents per month on each share, amounting for the whole stock to $45 per month. The interest to be added in estimating the monthly payments of the borrowing member was to be at the rate of four per cent. per annum, amounting in this case to $20 per month. Deducting the sum of these two amounts from $97.40, the monthly payment of the borrowing member, there remains the sum of $32.40. This sum was not denominated as "premium," but the aggregate of the three sums was called "interest and dues." The borrowers did not cease to be stockholders. Their shares of stock were pledged as collateral security for the loan, and they continued to be under the obligations of stockholders, as did the investing members, with the additional obligation of borrowing members. They might pay off the loan, and continue to be members of the association, holding their shares as other investing members, entitled to credit from the time of the issuing of stock for their payments of stock dues and the earnings of their stock from the profits of the association. It was not an improper practical construction to treat the "monthly payments" of the borrowing member as includ-

ing the regular monthly dues upon the stock and the interest, and also a periodical premium, and to regard the remainder of the monthly payments of the borrower, after deducting the amount of the regular stock dues, as constituting part of the profits of the association, in which view it would not be improper to hold, as did the court below, that the monthly payments, by whatever name designated, were to continue until the maturity of the shares of stock, when payments of the regular stock dues of seventy-five cents per month on each share and the earnings of the stock from profits of the association should amount to the par value of the stock at $100 per share.

On the trial, the appellee was permitted, over the objection of the appellants, to introduce in evidence an affidavit of the secretary of the appellee to the effect that a paper annexed thereto was a full and true copy of the original record of the account of the appellants, showing all payments made on the stock and on account of the loan, and all credits of profits and dividends due to the appellants on account thereof, and that the original record of the account had remained unaltered from its date, to the best of the knowledge of the affiant. This account, thus verified by affidavit, was not introduced for the purpose of showing admissions of matters of fact by the appellee favorable to the appellants, but was put in evidence by the appellee, over the objection of the appellant, to prove the state of the account between the parties, as a basis for the computation to be made by the court in rendering its finding. It is true that in many particulars it agreed with the evidence introduced in behalf of the appellants, but it contained other material matter of which there was no other evidence. In addition to the charge of the amount of its loan of $6,000, it contained also, on the debit side, a charge of a small amount, an abbreviation annexed to which is explained in the briefs as showing the charge

to be for an abstract of title.  It showed the payment made by the appellants in the amounts shown by other evidence, and it also purported to show how they were subdivided under the heads of "stock," "interest," and (up to June 29, 1895) "expenses:"  It also purported to show the amounts and dates of dividends credited to the appellants, of which there was no other proof; and it contained an arithmetical computation, ending with an amount purporting to represent the total value of the stock, not otherwise explained in evidence.  The books from which the account was copied were not before the court, and there was not, and there had not been, any opportunity for a cross-examination of the affiant, or for a comparison by the appellants of the copy with the original entries in the books of the association.

Reference has been made in argument to our statute (§474 Burns 1901) providing:  "The acts and proceedings of corporations may be proved by a sworn copy of the record of such acts and proceedings.  The oath shall state that such transcript is a true and full copy of the original, and that such original has remained unaltered from its date, to the best of deponent's knowledge and belief.  Such sworn copies shall be received as evidence in all cases where the original would be evidence."  It does not seem to have been intended by the legislature, by this provision, to provide that the contents of the books of account of a private corporation may be used in evidence in a manner different from that in which the contents of such books of natural persons may be used.  We think the state of the account could not properly be proved as was here permitted.  See *Culver* v. *Marks,* 122 Ind. 554, 7 L. R. A. 489, 17 Am. St. 377; *Fleming* v. *Yost,* 137 Ind. 95; *Cleland* v. *Applegate,* 8 Ind. App. 499; Jones, Evidence, §582; Note, 15 Am. Dec. 191.  If the sum of $135 was accredited to the appellants as three instalments of stock dues, and was not treated as premium in advance, going

into the profits of the association, no objection on the ground of the charging of double premiums will lie.

Judgment reversed, and cause remanded for a new trial.