## COPPES ET AL. *v.* UNION NATIONAL SAVINGS & LOAN ASSOCIATION.

[No. 5,758. Filed December 31, 1906. Rehearing denied April 10, 1907. Transfer denied May 2, 1907.]

APPEAL.—*Judgment.—Law of the Case.*—The decision, on appeal, constitutes the law of the case, and is binding upon the parties through all of the subsequent stages of the case.

From Elkhart Circuit Court; *Francis D. Merritt,* Judge.

Suit by Samuel D. Coppes and others against the Union National Savings & Loan Association. From a decree for defendant, plaintiffs appeal. *Affirmed.*

*James S. Dodge, Jr.,* for appellants.
*Robert W. McBride* and *Caleb S. Denny,* for appellee.

PER CURIAM.—The questions of law presented on this appeal were decided in *Coppes* v. *Union, etc., Loan Assn.* (1904), 33 Ind. App. 367, this being the same case upon a second appeal. That decision being the law of the case, the judgment is affirmed.

### ON PETITION FOR REHEARING.

WATSON, J.—The appellants filed their petition for rehearing herein, and assigned as reasons therefor six different causes which may properly be stated in one, viz.: ''That the

court erred in holding that the law as announced by this court in the case of *Coppes* v. *Union, etc., Loan Assn.* (1904), 33 Ind. App. 367, is the law of this case."

The law declared in a former appeal in a cause is the law of the case in a second or in a subsequent appeal, and through all subsequent stages thereof. In Elliott, App. Proc., §578, the rule is thus stated: "It is a firmly settled principle that the decisions of the appellate tribunal constitute the law of the case upon all the points in judgment, no matter at what stage of the proceedings they arise, or in what mode they are presented. This rule is not one springing from the doctrine of *stare decisis,* but it is one founded upon the same principle on which rests the doctrine of *res adjudicata.* Questions before the court for decision, and by the court decided as essential to a final judgment, are conclusively and finally adjudicated. The law as declared cannot be changed upon a second or subsequent appeal." See also, *Kingan & Co.* v. *Silver* (1899), 22 Ind. App. 159; *City of Evansville* v. *Senhenn* (1901), 26 Ind. App. 362; *Terre Haute, etc., R. Co.* v. *Zehner* (1902), 28 Ind. App. 229; *Halstead* v. *Sigler* (1905), 35 Ind. App. 419; *Rosenthal* v. *Rambo* (1905), 165 Ind. 584, 3 L. R. A. (N. S.) 678.

The parties to this appeal being the same parties as in the case of *Coppes* v. *Union, etc., Loan Assn., supra,* the causes of action being the same, and the issues joined therein the same, or, at least, there being no substantial difference, the law declared in a former appeal is the law of this case. We see no error in the former decision, and the petition is therefore overruled.